UNION MOTOR CAR CO. *v.* CARTLEDGE, Sheriff, et al.

(Division B. Sept. 17, 1923. Suggestion of Error Overruled Nov. 26, 1923.)

[97 So. 801. No. 23194.]

1. JUDGMENT. *"Vacation" means that period between ending of one term and beginning of next with reference to delivering opinions and rendering judgments in cases taken under advisement; where judgment in cases taken under advisement not rendered by beginning of next succeeding term, new order to carry case to next succeeding vacation required; judgment rendered after next succeeding term without new order to decide in vacation void.*

    Under chapter 158, Laws of 1912 (section 570, Hemingway's Code), providing that judges of the circuit court may deliver opinions, render judgments, etc., in vacation in cases taken under advisement by him at a term of the court, "vacation" means that period between the ending of one term and the beginning of the next; and, where a decision is not rendered by the beginning of the next term, the case becomes subject to disposal in term time and it requires a new order to carry the case into the next succeeding vacation. A judgment rendered after the next succeeding term without a new order to decide it in vacation being entered is void.

2. SHERIFFS AND CONSTABLES. *Sheriff not liable on bond for failure to return an execution on void judgment.*

A sheriff is not liable on his bond for a failure to return an execution issued on a void judgment. *Dailey* v. *State,* 56 Miss. 475, cited.

3. APPEAL AND ERROR. *Statute authorizing appeal must be followed; person not defendant to motion against sheriff for failure to return execution cannot cross-appeal so as to review questions in original judgment.*

In order to obtain an appeal to this court, the statutory provision authorizing appeal must be followed, and, under section 61, Code of 1906 (section 37, Hemingway's Code), cannot be entertained unless so complied with. A person not a defendant to the motion against a sheriff for failure to return an execution cannot cross-appeal so as to review questions decided in the original judgment.

### ON SUGGESTION OF ERROR.

4. APPEAL AND ERROR. *Appellate court will not on suggestion of error decide between conflicting certificates of clerk; record showing judgment entered in vacation not varied on suggestion of error.*

It is the duty of the appellant in cases appealed to this court to see that the record certified by the clerk is correct, and, if not correct, to take steps to perfect it before submission for decision, and the court, after decision, will not on suggestion of error decide between conflicting certificates of the clerk; and where the original record shows the judgment appealed from to have been rendered and entered in vacation, the court will not consider certificates of the clerk that it was entered n the minutes in term time.

APPEAL from circuit court of Coahoma County.
HON. W. A. ALCORN, JR., Judge.

Proceeding by the Union Motor Car Company against N. A. Cartledge, Sheriff, and others, for failure to return an execution issued on a judgment, in which H. H. Farmer appeared and filed motion to set aside the judgment. From a judgment for defendants, plaintiff appeals, and Farmer cross-appeals. Judgment on direct appeal affirmed, and cross-appeal dismissed.

*Sillers, Clark & Sillers,* for appellant.

We appealed from the order of the court entered on the motion in the case of *Union Motor Company* v. *N. A. Cartledge, Sheriff, and United States Fidelity and Guaranty Company.* The motion was made in the case which is styled *"Union Motor Car Company* v. *H. H. Farmer & N. A. Cartledge, Sheriff, etc."* This is the first time Farmer's name has appeared as an appellee in this court, he never having appealed from the judgment rendered against him in the circuit court. The law on this matter is so entirely well settled, however, that we are proceeding to submit the case on its merits, as we see it, to the court.

We briefly call the court's attention to the fact that a claim is made that the judgment of the court upon which this execution is founded is void because rendered at an unauthorized time. The records show that this judgment was rendered on October 15, 1921, and under the laws of 1920, chapter 135, this was during a regular term of the circuit court of the Second Judicial District of Coahoma county, Mississippi, and the judgment was rendered at the next succeeding term of court after the verdict of the jury was returned and the matter taken under advisement. We also call the court's attention to the wording of the order taking the case under advisement for judgment to be rendered in vacation, and insist to the court that even if the matter had been rendered at any time in vacation, under the order taking the matter under advisement the court had full authority to enter any order that may be necessary to terminate the matter in controversy between the plaintiff and the defendant at any time in vaction. Even without this order the court had full authority to enter a judgment on the verdict of the jury during the succeeding regular term of the court.

*Maynard, Fitzgerald & Venable,* for appellees.

"Under the law (chapter 135, Laws of 1920) the next term of the circuit court, after the taking of the motion under advisement, convened on the fourth Monday of September, 1921, and expired by operation of law within three weeks. So it appears that the judgment against the defendant, Farmer, upon which the execution was issued was rendered in vacation, and that a term of court had intervened, before the taking of the matter under advisement to be decided in vacation and the rendition of the judgment."

The court will notice that this motion was to be heard on May 31st, which was not done.

Now, what really happened was this: The 14th day of the term of court, as shown by the minutes of the court, Minute Book 7, page 45, was Thursday, October 13, 1921, and on that day court adjourned.

Unless the original judgment of the court which is attached to the affidavit of the clerk is true and correct, we have no idea why the judge should have written in his own handwriting in the judgment that the same was rendered in vacation.

And we further call the court's attention to the fact that in volume 1, page 9, of the record, the writ, introduced over the objection of the defendant, appellee here, shows as follows: "By an order entered by Wm. A. Alcorn, Jr., Circuit Judge, in vacation, on the 15th day of October, 1921."

Now we desire especially to call the court's attention to the fact that this judgment, besides being void for having been entered in vacation after the expiration of the September term of court, is void because the same was not taken up and heard and decided on the 31st day of May as set by the court by its order above mentioned.

As Judge ETHRIDGE remarks in his opinion: "We think that the statutes permitting the judges to take causes under advisement to be decided and judgments rendered in vacation means that period of time elapsing between the term of court at which the order is entered and the beginning of the next term; and if the cause is not decided and judgment rendered during that period, the cause becomes triable at the next regular term of court and should be docketed and disposed of during that term of court."

This cause should be affirmed by the supreme court because of the fact that at the time of the trial of the cause the court had under consideration a motion made by H. H. Farmer to vacate the judgment and quash the execution.

Argued orally by *Gerald Fitzgerald* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

At the May term, 1922, of the circuit court of the Second district of Coahoma county the appellant, the Union Motor Car Company, filed a motion against the sheriff of the county and the surety on his bond, the United States Fidelity & Guaranty Company, for failure to return an execution issued upon a judgment for three thousand and seventy-three dollars and twelve cents, with six per cent. interest from October 15, 1921, and all costs accrued in said suit, together with five per cent. on the full amount thereof as specified statutory damages, alleging that Cartledge was the duly elected, qualified, and acting sheriff of said county, and on the 15th day of October, 1921, in a certain action pending in the circuit court of the district and county in which the Union Motor Car Company was plaintiff and H. H. Farmer defendant, being cause No. 2733 of the docket of said court, judgment was duly given in said court and entered on the minutes thereof for the amount of three thousand and seventy-three dollars and

twelve cents with six per cent. interest until paid, and that about the 22d day of February, 1922, an execution was issued on said judgment at the instance of the Union Motor Car Company, and directed and delivered to the sheriff, the defendant, a copy of which execution is made an exhibit to the motion, as is also a copy of the judgment, and it was alleged that said Cartledge wholly failed to return the said execution on the return day thereof, as was his duty to do, and demanded judgment for the amount above mentioned, with the said penalty referred to.

The sheriff filed a plea in response to said motion, in which he alleged that said execution was and is void upon its face, and that it was and is a total departure from any judgment at any time rendered in this court, or that it was or is supported by any such judgment, and denies that any such judgment in said cause therein was ever rendered as stated. He avers, also, that said alleged execution should be quashed as far as he is concerned because the same was and is a total departure from the alleged judgment stated in the motion, and because the same was not and is not authorized by said alleged judgment. He further alleged: That in said cause, about the 6th day of April, 1920, he received from the clerk a writ commanding him to seize certain property which the plaintiff pointed out to him as being the property intended to be taken under the said writ. That he forthwith executed said process and returned the same to this court indorsed:

"I have this day executed the within writ personally by seizing and taking into my possession one certain automobile, to wit, one Mercer automobile, sport model, No. 4296, and leaving the same with the Imperial Garage for safe-keeping."

That on the 7th day of April, 1920, he further executed the said writ by the following indorsement:

"I have further executed the within writ by delivering to the within named a true copy of this writ."

Both of said indorsements being entered on the writ and returned to the clerk of the court. That subsequent to that time the defendant H. H. Farmer desired to replevy said property by giving bond therefor as provided by the said law, and that said Farmer employed an attorney to represent him in all respects in said matter, and that said attorney prepared an affidavit and writ of replevin in which N. A. Cartledge and the Imperial Garage were alleged to unlawfully detain property from the said Farmer, and that they tendered bond with sureties which was approved by the sheriff, and the property seized was thereupon returned to the possession of Farmer. That this bond was returned by the sheriff to the circuit court, and that he notified the plaintiff of such facts, that said defendant had replevied the said property by giving the said bond and of the action of the sheriff in the premises. That the sheriff was not learned in the law, and had not advice of counsel at the time, and, not apprehending that said advice was necessary, and being in no wise advised he was not fully protected by his said action, the sheriff took no further action in and about the premises, and was never advised of any judgment therein rendered which did not embody and did not adjudge that the sheriff was no longer responsible for the custody of the said property. That the said bond was in fact a good and solvent bond, and the sureties thereon worth the full penalty thereof, and that the full penalty thereof can now be realized through the process of this court.

It further alleged that in the trial of the case between the Union Motor Car Company and Farmer the plaintiff was advised of the release of said property, and knew well that the sheriff had released said automobile by virtue of said bond; that the plaintiff never at any time objected to the acceptance of said bond and the release of said automobile, knowing that the sheriff had released the same

in good faith, and did not at said time have said automobile in his possession; that, after personal judgment had been taken against H. H. Farmer, plaintiff, without notice to the sheriff, moved to set aside the verdict of the jury in the personal judgment, and to adjudge the sale of said automobile as being in the hands of said sheriff, which the plaintiff knew full well was not true, and that such action was taken on the part of the plaintiff without notice to the sheriff. He further alleges that on the 17th day of February, 1922, being the date of the issuance of the execution involved in the present controversy, the sheriff filed a bill in the second district of the chancery court of Coahoma county, being numbered 2978 on said docket, making the Union Motor Car Company, H. H. Farmer, R. C. Terry, and W. C. Counts sureties on the bond of said Farmer above mentioned, and the Imperial Garage and Arthur Maxon, an attorney, parties defendant thereto, and prayed the court to enjoin said action in cause No. 2733 in the circuit court, and to hold said judgment void, and that all of the said parties answered, and the cause was taken under advisement by the chancellor of the district; that the sheriff had no knowledge of the pleadings and proceedings in cause No. 2733 in the circuit court until it was too late for him to take any part in the pleadings and proceedings therein; that he was advised that the only action he could take was to enjoin further proceedings in said cause, and to pray that the chancery court might declare said judgment void, copies of the proceedings in the chancery court being filed as exhibits to the answer. It further alleged that the cause was undivided in the chancery court, and, if he took any further action or made any further return on the execution, he would be in contempt of court.

It appears that the original cause between the Union Motor Car Company and H. H. Farmer came on for hearing at the May term, 1921, of the circuit court of Coahoma county, and the cause was submitted to the jury, and the

jury returned the verdict for the plaintiff in the sum of three thousand and seventy-three dollars and twelve cents, and the judgment entered thereon for said amount, but the plaintiff moved the court to set aside said judgment, and to enter a judgment for said amount, and to condemn said car for the payment thereof, whereupon the court entered an order upon its minutes on the 28th day of May, 1921, taking said motion under advisement to be heard in vacation, and to make such orders as may be necessary therein. On the 15th day of October, 1921, the court rendered a judgment in which it is adjudged that the Union Motor Car Company have and recover of the defendant H. H. Farmer the sum of three thousand and seventy-three dollars and twelve cents, together with interest thereon at the rate of six per cent. per annum from this day until paid, and all costs of this suit, for which let execution issue. It was further ordered that the automobile described is condemned for payment of the judgment, and the sheriff is ordered and directed to sell said automobile within twenty days from the date of the enrollment of this judgment at public sale after first giving notice of the time, terms, and place of said sale as prescribed by law for sheriff's sales of personal property by execution, to first pay all costs, and the balance to apply to the judgment, and, if any remains after satisfying the judgment, to pay the same to the said Farmer or his order; to which action of the court the defendant then and there excepted, and was allowed six days within which to file a special bill of exceptions herein.

At the same term at which the motion against the sheriff was filed and heard the defendant Farmer filed a motion to quash the execution and to vacate the judgment rendered on the 15th day of October, 1921, alleging in his motion that the judgment was void and unauthorized, and also alleging that no bill of costs was attached to and made part of the execution as provided for in sections 682 and 683, Hemingway's Code (sections 973 and 974, Code of 1906). On the hearing of the cause on the motion

against the sheriff the court granted a peremptory instruction in favor of the sheriff, and judgment was accordingly entered, from which this appeal is prosecuted.

On the 25th day of November, 1922, the circuit judge rendered a judgment on the motion of the defendant, Farmer to vacate the judgment entered herein, and to quash the execution issued on the 22d day of February, 1922, reciting in the said order, and having by order of the court taken said matter under advisement by the court in vacation, that the court, being now sufficiently advised, doth sustain the motion to quash the execution so issued as aforesaid and the execution is hereby accordingly quashed, and the sheriff of Coahoma county is relieved from all duty to execute and return the same; and the court further ordered that the motion to vacate the judgment heretofore entered be, and the same is hereby, overruled, to which said several actions of the court the respective parties excepted, and still except, so far as their respective rights are involved in this order.

No petition for appeal or appeal bond appears to have been filed by Farmer, defendant, and he was not made a defendant by the motion of the plaintiff against the sheriff, but since this appeal has reached this court Farmer filed what is termed a cross-assignment of errors against the Union Motor Car Company, in which he assigns as error the refusal of the court to vacate the judgment of the court entered on the 15th day of October, 1921, in original cause No. 2733, which assignment was filed on May 25, 1923, and on June 4, 1923, an instrument was filed by the attorney for the appellant in the cause reading as follows:

"Union Motor Car Company v. N. A. Cartledge, Sheriff, etc., et al. 23194.

"And now comes the Union Motor Car Company and acknowledges notice and waives service on the appeal of the motion in this cause wherein H. H. Farmer appeals from the order of the court below in overruling the motion to quash the judgment in the court below and agrees that

said appeal may be heard at the same time as the original appeal from the judgment of the court in the motion against N. A. Cartledge, sheriff."

It appears that the original judgment against the defendant Farmer was rendered on the 15th day of October, 1921, and that the order taking the cause under advisement was entered during the May term, 1921. Under the law (chapter 135, Laws 1920) the next term of the circuit court after the taking of the motion under advisement convened on the fourth Monday of September, 1921, and expired by operation of law within three weeks. So it appears that the judgment against the defendant Farmer upon which the execution was issued was rendered in vacation, and that a term of court had intervened between the taking of the matter under advisement to be decided in vacation and the rendition of the judgment. There are two statutes pertaining to the circuit courts taking matters under advisement, the original statute being section 569, Hemingway's Code (section 786, Code of 1906), reading as follows:

"The judge may take a case under advisement until the next term. If an issue of fact be involved, before taking it under advisement he shall, on notice to each party, cause the evidence on both sides to be reduced to writing and signed by him. At the next term the judge shall deliver his opinion in writing, and the evidence and opinion shall be a part of the record without a bill of exceptions; and either party prosecuting an appeal may avail himself of all questions arising upon the record."

The second statute is chapter 158, Laws of 1912 (section 570, Hemingway's Code), which reads as follows:

"A judge of any circuit court may deliver opinions and render, make and sign judgments in vacation, as in term time, in cases taken under advisement by him at a term of the court; and by consent of the parties, or of their attorneys of record, he may try cases in vacation, as in term time, and make and enter judgments therein in vacation. All judgments and all orders which a judge of

any such court may render or make in vacation, shall be
signed by him and' thereupon be entered and recorded on
the minute book of the court in which the case or matter
is pending, and shall have the same force and effect as if
made, entered. and recorded in term time, and appeals
may be had and taken therefrom when so entered and
recorded, and bills of exception may be taken and signed
in such cases when so tried in vacation, as in other cases,
in like manner as is provided by law when cases are tried
in term time."

Under the original section of the Code it was held that
a motion for a new trial cannot be kept under advisement
longer than the term next ' succeeding (*Scarborough* v.
*Smith,* 52 Miss. 517.), and also that an opinion delivered in
vacation and a judgment then rendered are null (*Wilson*
v. *Rodewald,* 61 Miss. 228.) .

The question arises: Does the law of 1912, above men-
tioned (section 570, Hemingway's Code), change the law
with reference to intervening terms of court upon the ef-
fect of the order or judgment rendered in vacation? Va-
cation as applied to courts means the period of time elaps-
ing between the end of one term and the beginning of
another.   Bouvier's Law Dictionary, word "Vacation;"
Words and Phrases, First Series, "Vacation;" 15 Corpus
Juris, p. 899, section 270, where it is said:

"At common law vacation means 'all the time between
the end of one term and the beginning of another,' and
when the court finally adjourns there is a vacation.   Nev-
ertheless the term has been construed as covering a re-
cess caused by an adjournment over of court for several
days or weeks."

We think that the statute permitting the judges to take
causes under advisement to be decided and judgments ren-
dered in vacation means that period of time elapsing be-
tween the terms of court at which the order is entered and
the beginning of the next term, and, if the cause is not
decided and judgment rendered during that period, that
the cause becomes triable at the next regular term of

court, and should be docketed and disposed of during that term of court; that, if not so disposed of at such term of court, the cause continues on the docket as a pending cause, triable only at succeeding terms of court, unless another order is entered by consent of counsel or parties submitting it to be decided again in vacation. It will be noted from the section above set out that appeals may be had and taken from judgments so entered and recorded and bills of exception taken and signed when so tried in vacation as in other cases. In other words, the parties must take notice of the entry of the judgment and take an appeal, bill of exceptions, and other steps necessary to perfect an appeal from the date of the entry of the judgment. It is not contemplated, we think, that the cause can continue from term to term and be decided at any time when the court is not in session, and that the parties are not required to be continually looking for orders after the expiration of the first vacation period. In other words, when a term begins succeeding the order taking the cause under advisement the cause is restored to the circuit court docket for disposition in term time, or for such further order as the judge by consent of the parties may make in the cause.

It follows from our conclusion that the judgment upon which the execution was issued was void because of want of power in the judge to render it, and that, being void, the sheriff is not liable on an action on his bond for failure to return an execution issued on a void judgment. *Dailey* v. *State,* 56 Miss. 475. It follows from this conclusion that the judgment of the court below must be upheld on direct appeal, and it is unnecessary to decide what effect the motion to quash for failure to attach the bill of costs to the execution had upon its validity. The attempt of Farmer to prosecute an appeal in the method above stated is ineffectual, and does not confer this jurisdiction upon this court. In order to obtain the appeal he must comply with the statute, and consent cannot confer jurisdiction in this court to entertain appeals when

statutory proceedings are not followed. Section 61, Code of 1906 (section 37, Hemingway's Code). Farmer was not a party to the motion against the sheriff from which the direct appeal is prosecuted, and consequently cannot cross-appeal.

The judgment on direct appeal will therefore be affirmed, and the cross-appeal dismissed.

*Affirmed.*

### On Suggestion of Error.

Two grounds of error are suggested in the former opinion:

First. That in the opinion it is stated:

"It appears that the original cause between the Union Motor Car Company and H. H. Farmer came on for hearing at the May term, 1921, of the circuit court of Coahoma county, and the cause was submitted to the jury, and the jury returned the verdict for the plaintiff in the sum of three thousand and seventy-three dollars and twelve cents, and the judgment entered thereon for said amount; but the plaintiff moved the court to set aside said judgment, and to enter a judgment for said amount, and to condemn said car for the payment thereof,"—whereas, in fact, no judgment was entered upon the jury's verdict, but a motion was made for a new trial, etc.

The court did in fact make an error in this statement, because there was no judgment entered upon this verdict originally, but a judgment was drafted and tendered, which the judge in the first instance refused to have entered on the theory that the verdict did not warrant a lien on the automobile, whereupon motion was made for a new trial and the case taken under advisement. The error of statement is not material to the conclusion of the court, because it is immaterial whether the judgment was entered, or whether the verdict had merely been rendered and motion for a new trial made.

The second suggestion of error is that the court stated:

"Under the law (chapter 135, Laws 1920) the next term of the circuit court after the taking of the motion under

advisement convened on the fourth Monday of September, 1921, and expired by operation of law within·three weeks. So it appears that the judgment against the defendant Farmer, upon which the execution was issued was rendered in vacation, and that a term of court had intervened between the taking of the matter under advisement to·be decided in vacation and the rendition of the judgment."

It is said in the suggestion of error that the judgment of the court as recorded on the minutes was rendered during the time provided for the holding of the circuit court, and was entered on the minutes of the'term, being the last judgment so entered, and followd by an order on the minutes that the court adjourned until court in course, and counsel filing the suggestion of error' files as exhibit thereto the following certificate of the circuit clerk:

"I, the undersigned, J. E. Montroy, clerk of the circuit court of the Second judicial district of Coahoma county, Mississippi, do hereby certify, with particular reference to pages 55, 56, and 57 of Minute Book 7 of the minutes of said court, as follows, to-wit:

"That page 55 of said minutes is headed as follows: 'Circuit Court, Second District, Coahoma County, Mississippi. Minutes, 14th Day of September Term A. D. 1921.' That on said page 55 orders in the following cases are recorded: No. 3185, *Kornman Sawyer Company* v. *Sol Califf;* No. 3098, *J. S. Ham* v. *Pullman Palace Car Company;* No. 3059, *Imperial Garage* v. *S. Roy Crisler;* No. 2919, *M. A. Skelton* v. *W. D. Williams et al.*

"I further certify that on pages 56 and 57 of said minutes there is recorded an order in case No. 2733, *Union Motor Car Company* v. *H. H.·Farmer,* and that on page 57 below said order in case No. 2733 there is recorded the following: 'Ordered that court do now adjourn to court in course.

"'[Signed] WILLIAM A. ALCORN, JR., Judge.'

"I further certify that the minutes aforesaid also show that the fourteenth day of said September term, 1921, was Thursday, October 13th, and that there appears no ad-

journing order after the convening order for said day, except the one quoted above.

"Witness my hand and official seal on this the 24th day of September, 1923.

"[Signed] J. E. MONTROY, Clerk.

"By GEO. F. BALLAMY, D. C."

The judgment as rendered and as shown in the record before us at the time of the writing of the original opinion closed as follows:

"Ordered and adjudged in vacation this the 15th day of October, 1921.

"[Signed] WM. A. ALCORN, JR.,

"Circuit Judge."

The original of this order has been sent up, attached to the reply to the suggestion of error. There is no agreement of counsel that the certificate of the clerk accompanying the suggestion of error be made a part of the record, and no suggestion of diminution or imperfection of the record was suggested before the decision, nor any writ of *certiorari* taken to perfect the record. The order as stated appears to be a vacation order on the face of the record. If it was not such in fact, timely suggestion should have been made before the submission of the cause by a writ of *certiorari,* or an agreement should have been filed setting forth the real facts, if the record did not speak correctly. The court will not undertake on the suggestion of error to decide between the conflicting certificates of the circuit clerk, and it is too late to perfect the record after the cause has been submitted and decided. We can only decide cases upon the record submitted to us as a proper record.

The suggestion of error will therefore be overruled.

*Overruled.*