RUTHERFORD *et al. v.* EASTMAN, GARDINER & CO. *et al.*

(Division B.   Oct. 29, 1923.)

[97 South. 670.   No. 23581.]

1. MORTGAGES.  *Trustee under mortgage or deed of trust in pais may sell any or total portion of lands, not exceeding one hundred and sixty acres, sufficient to pay debt.*

   Where a sale is made under a mortgage or deed of trust in pais, where the land sold does not exceed one hundred and sixty acres, and where the deed of trust does not stipulate how the sale should be made, the trustee may select all or a part of the lands to be sold, and is not required to sell by forty acre lots; he may sell all (not to exceed one hundred and sixty acres) at one time, or he may offer less that the whole tract without violating this section, so long as the part offered brings sufficient to pay the debt and expenses of sale.

2. EQUITY.  *Decree decided after intervention of term taken under advisement held not void.*

   Under section 506, Code of 1906 (Hemingway's Code, section 262), providing that chancellor may take a case under advisement to be decided, and decree rendered in vacation, and under the chancery practice of setting cases down for hearing on the request of the parties or the direction of the court as provided in sections 514, 515, Code of 1906 (Hemingway's Code, sections 271, 272), where a chancellor takes an order taking a case under advisement to be decided in vacation, and a term of court intervenes before decision, but the cause is not set down for hearing during the term, and a decree is thereafter rendered in vacation after notice to the parties and without objection, such decree is not void, and judgment will not be reversed for that reason alone.

APPEAL from chancery court of Simpson county.

HON. D. M. RUSSELL, Chancellor.

Suit by Mrs. M. N. Roberts Rutherford and others against Eastman, Gardiner & Co. and others.  From a decree for defendants, plaintiffs appeal.  Affirmed.

*Livingston & Milloy,* for appellants.

It is our contention that the pretended sale by the trustee herein was void and no title passed by the pretended deed of conveyance to the defendants herein. The deed on its face shows that the same was executed by O. W. Magee, and not O. W. Magee, trustee, and that the deed was acknowledged by O. W. Magee, and not O. W. Magee, trustee, and that he acknowledged that he signed and delivered said deed as his own act and deed, and not as the "act and deed of O. W. Magee, trustee." O. W. Magee had no title to said land, but O. W. Magee, trustee, was holding the same in trust as the trustee of both the mortgagors and the beneficiary, and O. W. Magee, trustee, was the only person, if no substituted trustee was appointed, who could sell the lands or property under said deed of trust.

Further, it would certainly be wrong for this court to hold that a trustee could just go and cull the best part of the security and offer same for sale, that is to say, sell one forty of land, thirty acres in another forty, and twenty acres in another forty, and all in one lump and at one time, without offering the same in separate tracts or forties. We think under the law and constitution he ought to have offered one forty at the time and if that forty didn't bring the debt, why offer another one, and so on until the price bid was sufficient to satisfy the debt, and we don't believe under the law, as this land was situated in four different sections, a forty in each section, that the trustee could offer at one and the first shot ninety acres of land, and receive the lump bid of two hundred twenty-five dollars. In fact we think further that under the law he could not sell part of a forty, say thirty acres, and then go and select twenty acres in another forty, but in this case he selected one forty, thirty acres in another forty, and twenty acres in another forty, and sold all at one time, and the first offer. The appellees contend this was done at the instance and request of the widow, but we say there were four minor children who had vested rights and valuable rights in this land, and there was nobody

to represent them there, and their rights could not and cannot be waived. In fact the court so held in the case of: *Northern et al.* v. *Sruggs,* 118 Miss. 353, 79 So. 227. See *Price* v. *Crane,* 44 Miss. 571; *John* v. *Smith,* 56 Miss. 727. See also the cases of *Miller* v. *Palmer,* 55 Miss. 323; *Neblett* v. *Neblett,* 70 Miss. 572; *Jones* v. *Gurlie,* 61 Miss. 423. These cases hold that the interests and rights of infants cannot be waived by the courts, and if their rights cannot be waived, then, it goes without saying that their rights and interest could not be waived at the time of the sale of the property under the deed of trust. See also *Gambrell* v. *Harper,* 74 So. 623; *Upshaw* v. *Gibson,* 53 Miss. 341.

Our contention further is that the Eastman-Gardiner Company acquired only what rights Thompson had, and if Thompson was prevented by the terms of said mortgage from purchasing at a foreclosure sale, then Eastman-Gardiner Company could not purchase at the trustee's sale.

We respectfully submit that the terms of said deed of trust in no wise authorize the beneficiary to purchase at the sale, and unless this was stipulated in the deed of trust, the beneficiary or his assigns could not purchase at a trustee's sale. *Byrd* v. *Clark,* 52 Miss. 623. See also the following cases holding this view: *Wade* v. *Thompson,* 52 Miss. 367; 26 Am. & Eng. Ency. Law, 928; *Lucas* v. *Mortgage Co.,* 72 Miss. 366; *Dunton* v. *Sharp,* 70 Miss. 850; *Houston.* v. *Building Association,* 80 Miss. 31. This sale is void because the trustee did not sell the lands in the mode and manner then prescribed by law. See section 2443, Code of 1892. This court has repeatedly held that the trustee shall sell the lands as directed by statute. *Planters Mercantile Co.* v. *Braxton,* 82 So. 323; *Womack* v. *Central Lumber Company,* 94 So. 2.

*F. C. Hathorn,* also for appellants.

I shall confine my statement of the case to one point. This decree shows on its face that it is void because ren-

dered in vacation under an order taking the case under advisement for decision and final decree in vacation, which order taking the case under advisement for decision and final decree in vacation was entered at the November, 1921, regular term of the court and prior to the intervention of the regular May, 1922, term of the court, after which last-mentioned regular term of the court the decree shows on its face to have been rendered in vacation.

The authority of a chancry court to take cases under advisement and to try and render final decrees in vacation is given by section 262 of Hemingway's Code. Section 263, Hemingway's Code, deals with additional powers of chancellors which may be exercised in vacation. Section 570, Hemingway's Code, confers practically the same authority on circuit courts in vacation as that conferred by section 262, upon chancery courts. By comparing section 570 with section 262 the court will see that the powers and authority of the circuit court are quite as full as, and are identical with, the powers and authority of the chancery court over cases of the kind as the case at bar. In fact, but for a little different language in some particulars where necessary to apply to circuit courts, these two Code sections are identical *verbatim.* It follows, then, that an interpretation of section 570 by this court upon the power of a circuit court to enter judgments in vacation becomes and is an interpretation of section 262, upon the power of a chancery court to enter decrees in vacation.

In *Adams* v. *Commercial Co.,* 74 So. 435, this court said that an order of the court setting a case for final hearing in vacation, where not acted upon before the next succeeding term of court, becomes, after the convening of the term of court, *functus officio.*

This court points out in *Union Motor Car Co.* v. *Cartledge,* 97 So. 801, that the statute provides that appeals may be had and taken from such judgments; and that parties must take notice of the entry of the judgment and perfect their appeals and that it is not contemplated that

the cause can continue from term to term and be decided at any time when the court is not in session, and that parties are not required to be continually looking for order after the expiration of the first vacation period.

*T. J. Wills* and *C. S. Street,* for appellees.

All presumptions of law being in favor of the correctness of the chancellor's decree, it is not deemed necessary to file an extended brief. In the brief filed by Messrs. Livingston & Milloy for appellants, it is set forth as a fact that before the trustee made the sale of the land described, a legal tender was made of the sum due under the deed of trust. This is specifically denied by the answer, and since there is no testimony in the record to support the allegations of the bill, we take it that the court will find as the chancellor did, that no legal tender was ever made.

Counsel also contend that the deed executed by O. W. Magee, trustee, is void; first, because it is said that he did not sign the deed as trustee, and, secondly, because it was not acknowledged by him as trustee, and that it appears merely as his individual deed.

In reply to this, it is to be observed that the deed called into question does not appear in the record. It may be observed further that the complainants themselves in the original bill filed in this cause, allege that O. W. Magee was the trustee in the deed of trust, and that he, as such trustee, sold the lands on the 27th day of November, 1899, and executed a trustee's deed to the purchaser, and after having so alleged, the complainants will not now be heard to deny the fact. And, furthermore, the chancellor upheld the validity of the trustee's deed, at least to the seventy acres involved in this controversy.

A good portion of the brief in question is devoted to the power and duty of the courts to protect the interest of minors. As a general proposition, it is conceded that the court has the power, and it is its duty, to protect the interest of minors, but it is submitted that that question is not involved in this case.

Counsel next contend that the sale of the land is void because of the manner in which it was sold by the trustee. They charge this to be true in their bill, and their answer denies it. The chancellor heard the evidence, and decided that the sale was not void. And section 111 of the constitution does not apply in this case for the reason that only one hundred sixty acres of land were embraced in the deed of trust to start with, and of this one hundred sixty acres, the trustee sold only ninety acres.

Coming now to the point made in the brief filed by Mr. F. C. Hathorn, wherein he contends that the decree signed by the chancellor in vacation is void because the regular term of the court intervened between the time 'the case was tried and the day on which the vacation decree was signed, it is respectfully submitted that this, too, is concluded by the imcompleteness of the record which the appellants have produced in this court. If there were anything in the proposition to start with, which is disputed, we insist that the fact that the record is slent as to whether or not an agreement was entered into to carry the case beyond the next regular term of court, and as to whether or not the chancellor entered a decree at the May, 1922, term of court, taking the case under advisement again, and since all presumptions, as before stated, are indulged in favor of the correctness of the decree, it will be presumed in the absence of a showing to the contrary that the chancellor had either an agreement to decide the case at the time he did decide it, or else that a new decree had been entered at the previous term of court, continuing the case under advisement.

Counsel agrees that because this court has held that a circuit judge has no authority to keep a case under advisement beyond the next regular term of court that a chancellor has no such authority, but it is submitted that the rules of practice in the chancery court and in the circuit court are entirely different. In the circuit court, for instance, it is the duty of the clerk to make up his dockets and list all cases pending in the circuit court on the

dockets. Whereas, in the chancery court, no case is ever put upon the motion or issue docket by the clerk until he is ordered to do so by one of the parties to the suit.

This court, in the recent case of *Union Motor Car Co.* v. *Cartledge, Sheriff,* 97 So. 801, No. 23194, decides merely that section 570 of the Code, giving the circuit judge power to deliver opinions and render judgments in vacation, does not change section 569, which required him to do that by the next term of court. Clearly, the court was speaking of circuit court judgment. No such section as 569 of Hemingway's Code appears in the chapter relating to chancery courts, and consequently there is no restriction on the time that a chancellor may hold a case under advisement.

*F. C. Hathorn,* for appellants, in reply.

The argument of counsel is, I submit, not supported by authority. A chancellor, when he acts in vacation on matters under the authority of section 262, Hemingway's Code (section 506, Code of 1906) is acting specially and not under the general jurisdiction of the court. But for this statute, he could not determine finally and enter a decree in the case on its merits in vacation at all. His jurisdiction to act in vacation, to finally decide on its merits and enter a final decree in any case of this nature, depends absolutely upon the entry of an order at a term of the court taking the case under advisement for decision in vacation, or else upon an agreement entered into by the parties. The rcord itself must affirmatively show these jurisdictional facts, and no presumption will be indulged that they exist in the abence of this affirmative showing. *Bolivar County* v. *Coleman,* 15 So. 107, 71 Miss. 832.

If we have chancellors who are disposed thus arbitrarily to empound cases beyond the reach of litigants, lost entirely to their control; then, I respectfully submit, there exits a real and substantial necessity, greater even than exists in the case at bar, for this court to hold that chan-

cellors, like circuit judges, must decide and render judgment in cases taken under advisement before the expiration of the term of court next succeeding that at which the case is taken under advisement.

ETHRIDGE, J., delivered the opinion of the court.

The appellants were complainants in the court below, and filed a bill alleging that J. M. Roberts, deceased, in his lifetime executed a deed of trust on certain lands therein described, and that the complainants inherited from him subject to the said deed of trust. Said deed of trust was executed to secure a debt to A. P. H. Thompson, and assigned by him to Eastman, Gardiner & Co., which assignment was duly entered in the records. It is further alleged that before the debt matured Mrs. M. N. Roberts offered and tendered to Eastman, Gardiner & Co., the amount due thereunder, who refused the said tender, and always refused the tender of the money, claiming they wanted timber, and not money, yet, notwithstanding the said tender and refusal, the said defendants caused a pretended sale of the said lands through the trustee therein; that the said trustee pretended to sell a portion of the said lands, and that the sale is void, for the reason that the said lands were not sold in the manner provided by the Constitution, but that the trustee, instead of selling the whole forty, would sell a portion of such land covered by pine growth and virgin timber; that the land which the trustee pretended to sell was very fine timbered lands, and that the other lands not sold were poor lands, and not covered by timber; that the defendant Cox is claiming to assert some claim or interest in said land which is unknown to the complainant, but that he was the manager and an officer of Eastman, Gardiner & Co., a corporation, at the time of the said tender, and was fully advised of the claim of the complainants before he acquired any title therein, and hence is not a *bona-fide* purchaser for value without notice. It is further alleged that the complainants had

been in the continuous possession of said lands since said sale, and pray for a decree canceling the trustee's deed to Eastman, Gardiner & Co., and the rights and claims of the defendant Cox and for general relief.

The defendants answered, denying the tender, and denied that Eastman, Gardiner & Co. refused to accept any tender, and denied that they said that the timber was what they wanted, and not money, and denied that, at the time the tender was alleged to have been made, Cox was the manager of Eastman, Gardiner & Co., and denied that he was the party to whom the tender was made or that any tender was made to him whatsoever. They admit that the trustee sold the land, and admit that the defendant became the purchaser thereof, but allege that they were induced to buy the said land at the trustee's sale at the instance of the complainants, for the reason that the complainants were unable to pay the said sum of money due, and desired to preserve their home; that the price paid therefor was the full value of the said lands and timber, and that complainants were allowed to hold the remaining parts of said lands. The defendants denied that the sale of the land was not made in accordance with law, and allege they could have purchased the entire tract for the sum of money bid for the portion thereof included in the sale. That the said defendants bid for the portion of said land on which there was timber, and that the value of the same was in excess of the amount due under the deed of trust, so that it became unnecessary for the trustee to sell the remaining land under the trustee's deed, and such remaining lands were not sold. The defendants denied that the complainants had been in possession of the land exercising claim and control thereof since the said sale, but have always been in the possession of the lands embraced in the deed of trust which were not sold.

The cause came on for hearing at the November, 1921, term of the chancery court, and was taken under advisement; decree to be rendered in vacation. A final decree was rendered on the 30th day of August, 1922, in which

the bill was dismissed as to all the lands involved therein, except twenty acres, as to which twenty acres the bill was retained, and 'the cause remanded to rules, for the purpose of allowing the complainants to amend their bill, so as to present the single issue that the sale of the said twenty acres was void, for the reason that the same was sold in excess of the amount required to satify the indebtedness secured by the trust deed in order to make the bill conform to the evidence on that point, and for the further purpose of making clearer the ages of all of the heirs of J. M. Roberts, deceased, at the time of the said trustee's sale, and who, if any, of said heirs beside the widow were of age, etc.

Prior to the rendition of this decree the chancellor addressed a communication to counsel for both parties, outlining his views, and stating that before signing any decree he would be glad to hear from counsel at their earliest convenience to the end that the matter might be closed up during his tenure of office. The date of this communication does not appear in the record, and it does not appear that there was any response thereto. On the 9th day of September, 1922, it appears that counsel for the appellant mailed a notice to the stenographer, desiring a transcript of his notes of the evidence, wherein it is recited: "The complainants or their attorneys did not know of the rendition of said decree until to-day," which notice was filed in the office of the chancery clerk the 12th day of September, 1922. The stenographer's notes were never transcribed, and the evidence before the chancellor is not containd in the record, so we are limited to questions of law appearing on the face of the record, and must presume all facts which the evidence might have shown to be in accordance with the decree of the chancellor.

It is contended by the appellants that the trustees sale was illegal, because the land was not sold in governmental subdivisions, as required by the constitution, but that the trustee selected parts of certain forty-acre tracts containing timber, and sold them.

Section 111 of the constitution of Mississippi reads as follows:

"All lands comprising a single tract sold in pursuance of decree of court, or execution, shall be first offered in subdivisions not exceeding one hundred and sixty acres or one-quarter section, and then offered as an entirety, and the price bid for the latter shall control only when it shall exceed the aggregate of the bids for the same in subdivisions as aforesaid; but the chancery court, in cases before it, may decree otherwise if deemed advisable to do so."

The lands embraced in the deed of trust here involved did not exceed one hundred and sixty acres, and it was within the discretion of the trustee to sell all of the land in one body, or he could offer such parts thereof as he deemed for the best interest of all parties concerned sufficient to satisfy the debt. He was not under duty to sell the entire tract, though he may have done so under the law had he deemed it advisable. As the whole matter was before the chancellor on the evidence, we must presume that the evidence warranted the chancllor's decree. There is nothing in the section of the constitution itself that prohibits a sale of the land in the manner it was sold.

It s also insisted by the appellants that the decree must be reversed, because the record shows that it was taken under advisement by the chancellor at the November, 1921, term of the court, to be decided in vacation, and that no decree was rendered in the intervening time betwen that term and the next term, but that a term of the chancery court intervened between the taking of the cause under advisement and the decision thereof and the signing of the decree, and that the chancellor had no authority to render the decree after the next ensuing term without a new order taking the same under advisement to be entered upon the minutes of the court, relying upon the case of *Union Motor Car Co.* v. *Cartledge, Sheriff, et al.,* 97 So. 801, decided during the present sitting of this court, in which we held that a circuit judge had no power to render a

judgment in vacation in a case taken under advisement to be decided in vacation after the intervening of a term of the circuit court between the dates of the taking of the cause under advisement and the date of the judgment entered thereon in vacation. Opposing counsel contend that this decision is not applicable, because the practice is different from the circuit court practice, in that the chancery court only hears causes in term time which have been set down for hearing, either upon the issue docket or on the motion docket as required by sections 514, 515, Code of 1906 (sections 271, 272, Hemingway's Code). These sections read as follows:

"The clerk shall keep an issue docket, in which he shall set down all causes ordered by the court or either party to be set down for final hearing, or on demurrer of all the defendants, in the order in which they are so ordered to be set down; and he shall place on said docket, in proper order, all petitions for the sale of the estates of decedents, minors, and persons of unsound mind; all proceedings representing estates to be insolvent; final accounts of executors, administrators, and guardians, and petitions for distribution of an estate or payment of a legacy, and all other similar matters in which an order or decree of the court is sought in matters testamentary, of administration, or guardianship.

"The clerk shall also keep a motion docket, in which he shall, when ordered by the court or either party, docket all causes on demurrer or plea of part of the defendants, all *ex parte* petitions, or motions, or exceptions to evidence, reports and pleadings, and all matters pertaining to administration and guardianship not directed to be placed on the issue docket. The clerk shall place on the motion docket all matters brought before him in vacation when presented; and at the next term of the court all matters on said docket shall be examined and disposed of by the court by approving or disapproving the same."

Under the practice of the chancery court and the requirement of these sections the cause does not stand for

hearing in term time until set down by one of the other parties or by order of the court, except of course in certain specific cases where the clerk is directed to place certain causes on the docket for hearing without regard to the request of either party. It does not appear from the record that the intervening term of the chancery court was actually held, nor does it appear that the cause was set down for hearing at such term, if held in the manner required by the foregoing sections, and under the general chancery practice. This being true the cause was not ready for hearing or trial at the intervening term, if one was held. It further appears that the chancellor notified counsel for both sides in writing prior to the rendition of the decree, calling their attention to the fact that he was going to decide and dispose of the cause prior to the end of his tenure of office, which then was approaching its end, and it does not appear that any objection was made thereto, and this point was not raised in this case in the original brief, and not until after the rendition of the opinion in the case of *Union Motor Car Co.* v. *Cartledge, Sheriff, et al., supra.* We are therefore of the opinion that the judgment of the chancery court should be affirmed.

*Affirmed.*