W. W. BROWN,
Commissioner for the Court:[1]
On May 22,1975, a judgment was entered in the Circuit Court of Jackson County, Mississippi in the case of Elise G. Strange, et al. v. Gary Krebs for the principal sum of one hundred thousand dollars. As a result of said judgment and on September 15, 1975, a writ of garnishment issued to United States Fidelity and Guaranty Company for principal, interest and costs. Answer to the garnishment was timely filed and issue was joined and the matter came for trial before the judge sitting as judge and jury on May 13, 1976, being a day of the regular April, 1976 Term of the Circuit Court of Jackson County, Mississippi. On May 28, 1976, an order was entered taking the matter under consideration for a decision in vacation.
The terms of the Circuit Court of Jackson County, Mississippi were then as provided by the General Laws, 1974, ch. 305 as follows:
On the second Monday of April and on the first Monday of October, eight (8) weeks, at which terms a grand jury shall be empanelled; and on the second Monday of January and the second Monday of July, eight (8) weeks each, at which terms' no grand jury shall be drawn or empan-elled except by order of the judge.
No further action on the matter was taken by the court until August 31,1976, when an order was entered overruling garnishee’s motion to dismiss the garnishment. Then without further order the matter was set down for further hearing in vacation for September 9, 1976 over the objections of the garnishee. After further hearing the court on September 10, 1976, and still in vacation, entered a final judgment of one hundred thousand dollars principal together with interest and costs from May 22, 1975.
Since the trial judge made no finding of fact or conclusions of law in this matter, many assignments of error were raised by the parties. But this Court will only consider the matter as to whether or not the judgment entered on September 10, 1976 is valid.
Mississippi Code Annotated, Section 11-7-133 (1972) provides:
A judge of any circuit court may deliver opinions and render, make and sign judgments in vacation, as in term time, in cases taken under advisement by him at a term of the court. By consent of the parties, or of their attorneys of record, he may try cases in vacation, as in term time, and make and enter judgments therein in vacation. All judgments and all orders which a judge of any such court may render or make in vacation, shall be signed by him and thereupon be entered and recorded on the minute book of the court in which the case or matter is pending, and shall have the same force and effect as if made, entered and recorded in term time. Appeals may be had and taken therefrom when so entered and recorded, and bills of exception may be taken and signed in such cases when so tried in vacation, as in other cases, in like manner as is provided by law when cases are tried in term time.
This Court, interpreting the above statute as early as 1923 in the case of Union Motor Car Co. v. Cartledge, 133 Miss. 318, 97 So. 801 (1923), stated the following:
We think that the statute permitting the judges to take causes under advisement to be decided and judgments rendered in vacation means that period of time elapsing between the term of court at which the order is entered and the beginning of the next term, and, if the cause is not decided and judgment rendered during that period, that the cause becomes tria-ble at the next regular term of court, and should be docketed and disposed of during that term of court; that, if not so disposed of at such term of court, the cause continues on the docket as a pending cause, triable only at succeeding terms of court, unless another order is *684 entered by consent of counsel or parties submitting it to be decided again in vacation . . . It is not contemplated, we think, that the cause can continue from term to term and be decided at any time when the court is not in session, and that the parties are not required to be continually looking for orders after the expiration of the first vacation period. In other words, when a term begins succeeding the order taking the cause under advisement the cause is restored to the circuit court docket for disposition in term time, or for such further order as the judge by consent of the parties may make in the cause.
This reasoning was followed as late as 1963 in the case of Hyde Construction Co. v. Highway Materials Co., 248 Miss. 564, 159 So.2d 170, where it is stated:
This Court has held by a long line of cases, that courts and judges, acting in vacation, have only statutory authority to act, and if they act in vacation, without authority, their action is void.
See also authorities cited therein.
We are therefore of the opinion that the authority of the order entered May 28,1976, ended with the commencement of the intervening July, 1976 Term of the Circuit Court of Jackson County, Mississippi, and that the final judgment on the garnishment entered on September 10, 1976, in vacation, is null and void and unauthorized by any statutory law.
Therefore, the judgment against the garnishee is reversed and set aside and this cause remanded for a hearing on the merits of the case.
REVERSED AND REMANDED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ„ and SUGG, WALKER, BROOM, LEE, BOWLING and COFER, JJ., concur.

. Sitting pursuant to Chapter 430, Laws of 1976. The above opinion is adopted as the opinion of the Court.