BROOM, Justice, for the Court:
Continuing a motion for a new trial to a vacation date without any further action until the next term highlights this tort case which arose out of an altercation in which appellee/defendant Kenneth Byrd apparently shot appellant/plaintiff Kenneth R. Berryhill. Trial was in the July-August Term of the Circuit Court of the First Judicial District of Hinds County, Mississippi, where Berryhill received a $100,000 jury verdict ($50,000 actual and $50,000 punitive damages) and judgment (dated July 24, 1978). Byrd filed a motion for j. n. o. v. or new trial, dated July 28, 1978. His motion was “continued until August 31, 1978 for argument” but nothing was done on that date. Berryhill appeals from an order granting a new trial, contending the lower court lost jurisdiction when the vacation date passed without any action being taken on the motion for new trial. He also makes other arguments concerning the motion for a new trial. We reverse.
This suit arose from an altercation between Berryhill and Byrd at KG’s Lounge in Jackson. The incident culminated in Berryhill being shot twice in the abdominal area with a pistol owned by Byrd, and which Byrd introduced into the affray. Berryhill was taken to the hospital where emergency surgery was performed. Berry-hill suffered massive blood loss and during the surgery approximately five (5) feet of his small intestine was resected. Also, extensive damage to his abdominal wall had to be repaired.
DID THE TRIAL COURT ERR IN GRANTING A NEW TRIAL AFTER THE VACATION SETTING PASSED WITHOUT ACTION THEN BEING TAKEN? During the term in which the cause was tried, Byrd’s motion for j.n.o.v. or a new trial was by written order continued to August 31, 1978, a vacation date. Without any further action in vacation, the new trial motion received no attention until during the next term when on September 22, 1978 the court ordered the motion continued to November 27, 1978. On October 14, 1978, prior to the adjournment of the September 1978 Term, the court entered an order carrying over for hearing and decision in vacation or the next court term all pending motions and appeals. On October 17, 1978, a day in vacation subsequent to conclusion of the September Term, there was a hearing on the motion for j.n.o.v. or new trial. After the October 17 hearing, the court entered an order dated October 24, 1978 overruling the defendant’s motion for j.n. o.v. but upholding the motion for a new trial.
At the second trial, December 6-8, 1978, the jury awarded Berryhill a $20,000 verdict for actual damages. A judgment reflecting the jury verdict was signed by the court on December 11, 1978, after which Berryhill perfected this appeal regarding the lower court’s upholding of Byrd’s motion for a new trial.
Berryhill agrees that the lower court had authority to continue the matter below to August 31, 1978 by its order dated August 2,1978. Argument is that no further action being taken on the matter prior to the beginning of the September Term of court, the lower court lost jurisdiction and therefore could not enter any further orders *1028 concerning the cause below, and particularly concerning the motion for a new trial.
United States Fidelity & Guaranty Company v. Strange, 360 So.2d 682 (Miss.1978) is relied upon by Berryhill. He states that Strange, supra, held “that the circuit court which took a matter under consideration for decision in vacation lost jurisdiction with the commencement of the next term and that any order rendered thereafter was null and void.” We think Berryhill has misconstrued Strange because nowhere in Strange did we say that the lower court had lost jurisdiction. Construed most strongly in favor of Berryhill, the most that we stated in Strange was that the lower court was without statutory authority to enter an order in vacation after an intervening term of court.
In Mayflower Mills v. Breeland, 168 Miss. 207, 149 So. 787 (1933) we held that:
[Wjhere a motion for a new trial is not disposed of at one term of court, it is continued until the next term and remains to be acted upon by the court at a subsequent term. O’Bannon v. Greenville Commercial Body Company, 159 Miss. 68, 132 So. 87, and Union Motor Co. v. Cartledge, 133 Miss. 318, 97 So. 801. (168 Miss. at 213, 149 So. at 788).
See also Long v. Magnolia Hotel Company et al., 236 Miss. 655, 111 So.2d 645 (1959), and Edwards v. Peresich, et al. 221 Miss. 788, 74 So.2d 844 (1954).
Of course it is the duty of a mov-ant to pursue his motion and offer proof in support of it. Nevertheless when he fails to do so, unless the court of its own volition disposes of the motion the respondent may (but did not do so here) ask the court to act upon it and remove it from the docket. Upon this record, we hold that jurisdiction was not lost by the lower court for its failure to act upon the motion for new trial on the “day certain” in vacation to which the matter was continued.
Next argument made by Berryhill is the contention that the lower court erred in sustaining Byrd’s motion for new trial on grounds not assigned as error in the motion for new trial. Berryhill argues that the lower court was not authorized to grant a new trial based on grounds other than those assigned in the motion for a new trial. Study of the record shows that the court sustained the motion for a new trial primarily on two grounds: granting of instruction No. 29 (hereinafter 1-29) for Berryhill, and pertaining to jury argument by Berryhill’s counsel “as to the criminal Courts unable [sic] to handle Mr. Byrd . . ”
Clearly, Byrd’s motion for new trial related to “each and every instruction requested by the Plaintiff and marked ‘Given’ by the Court. . . .” In this aspect of the case, the motion for new trial did sufficiently focus upon jury instructions. However, appellant Berryhill next raises the argument that the granting of 1-29 was not proper basis for sustaining the motion for new trial because Byrd failed to preserve the error by making any timely objection at trial to 1-29. Berryhill’s brief states that: “The record is silent as to any objection by Appellee to instruction # 29 (P-15) and, furthermore, the trial judge specifically found that Appellee had not objected to the instruction.” (1-29 in the record is also referred to as P-15). Our examination of the record has not revealed any specific objection having been made by Byrd to 1-29.
In further reply to Berryhill’s argument, Byrd states that he “was prevented from complying with Rule 14 of the Uniform Circuit Court Rules by the fact that the trial court released the court reporter on the evening of July 20, 1978, and did not require her to return on the morning of July 21, 1978, although he knew that additional jury instructions would be presented on the morning of July 21. Thus, the court itself prevented appellee from dictating into the record his objections to instruction No. 29 (P. 15). Moreover, as stated by the Circuit Court on page 561 of the record: ‘[B]ecause of the press of time . the Defendant may or may not have been presented an opportunity to properly object to the instruction’.” Nevertheless, under Supreme Court Rule 42, Byrd had the duty of in some manner objecting to the instruc *1029 tion—he could have written out his objections but failed to do so.
Byrd makes yet another novel explanation to justify his failure of making specific objection to 1-29. He states that “it is undisputed that counsel for Defendant Byrd on July 21 offered a handwritten instruction, Instruction No. 31, in an effort to counter Instruction No. 29 (P-15). On page 562 of the record herein the Circuit Court correctly stated that the granting of Instruction No. 29 (P-15) was ‘plain error’, that it was error to refuse appellee’s instruction offered to counter Instruction 29 (P-15), and that the offering of the defendant’s instruction was in itself an objection to Instruction No. 29 (P-15).” Our scrutiny of the record fails to reveal that any instruction requested by Byrd could be logically considered under Mississippi practice to be “in itself” objection to the controversial instruction 1-29. Also, no authority in support of this contention has been cited to us, and on this state of the record it cannot be said that Byrd sufficiently objected to 1-29 so as to make it a proper basis of a motion for new trial.
In his reply brief, Byrd takes the position “that under Rule 42, supra, inferior courts, likewise, can grant in extreme cases a new trial based on an erroneous jury instruction that was not objected to, in order to prevent manifest injustice. The Circuit Court herein recognized that the granting of Instruction No. 29 (P-15) was ‘one of plain error and the Court should not have granted this instruction under any circumstances’.” We do not hold that “in extreme cases” in order to prevent manifest injustice a trial judge is without power to grant a new trial because of an erroneous jury instruction granted without objection. We recognize that there are cases, though rare, where the enormity of a trial error (even where no objection is made at time of error) in an “extreme case” calls upon and justifies the trial judge acting within his sound judicial discretion and pursuant to his inherent power to grant a new trial. Sanders v. State, 239 Miss. 874, 125 So.2d 923 (1961). In this case the $100,000 verdict first returned was consistent with the evidence and was supported by applicable law.[1] Another aspect of the instant case is the absence of any showing by Byrd (though he claimed such) that he was prejudiced by the granting of 1-29. Upon the whole record, we have concluded that the $100,000 verdict returned in favor of Berryhill at the first trial cannot be logically or properly viewed as constituting an “extreme case” or a “manifest injustice.” No new trial should have been granted as occurred in this case upon the record presented.
Also before us is the contention of Berryhill that the lower court in part sustained Byrd’s motion for new trial because of improper jury argument made by counsel for Berryhill. Our examination of the motion for new trial shows that nowhere did it specifically mention the subject of improper jury argument. The motion does, after designating certain grounds, state the following catch-all “(i) Other grounds to be assigned at the hearing hereof.” Such language too commonly appears in motions for new trials but is totally inane, empty and without effect as a matter of law. There simply was not sufficient reference to the jury argument in the motion for new trial to include such a ground and could not properly be even in part an adequate basis for sustaining the motion for new trial. This is especially true in light of the lower court’s refusal to allow Byrd to amend his motion to particularly include the jury argument as a ground for new trial.
It is not necessary for us to reach Berry-hill’s assignment of error that the lower court erred in allowing Byrd to make his bill of exceptions after the court lost jurisdiction of the matter. Here the bill of exceptions before the court was made on the motion for new trial, not on anything that occurred before the jury retired. Accordingly, Mississippi Code Annotated § 11-7-207 (1972) is not pertinent.
*1030 After responding to Berryhill’s assignments of error and the matters contained in Berryhill’s (appellant’s) brief, Byrd makes a lengthy discussion of additional grounds on which the lower court could have based its granting of Byrd’s motion for a new trial. Berryhill then filed a motion to strike the additional argument (designated VI) from the brief of Byrd, which motion this Court passed until consideration of the case on its merits. We now sustain the motion to strike because it is obvious to us upon the record that the lower court neither did nor should have relied on any of these additional grounds as being sufficient basis to sustain the motion for a new trial.
Granting the new trial upon the record was error, and the verdict and judgment rendered at the first trial must be re-instated.
REVERSED; VERDICT AND JUDGMENT RENDERED AT FIRST TRIAL OF CAUSE RE-INSTATED.
PATTERSON, C. J., SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, LEE, BOWLING and COFER, JJ., concur.

. See Colson v. Sims, 220 So.2d 345 (Miss.1969) for a discussion of the office of motions for a new trial.