Mississippi Power & Light Co. *v*. Ross.

(Division B. Nov. 27, 1933.  Suggestion of Error Overruled Jan. 8, 1934.)

[150 So. 830.  No. 30863.]

Green, Green & Jackson, and **A. M. Nelson**, all of Jackson, for appellant.

W. H. Cox, of Jackson, for appellee.

Argued orally by **Garner Green**, for appellant, and by **Harold Cox**, for appellee.

**Ethridge, P. J.**, delivered the opinion of the court.

C. D. Ross was complainant in the court below and secured a mandatory injunction, without notice and hearing, against the Mississippi Power & Light Company, prohibiting it from cutting off the gas service of said C. D. Ross, and to compel the acceptance of thirty cents per thousand cubic feet, without the addition of the two per cent. sales tax imposed by law.

The bill alleges that the Mississippi Power & Light Company was under contract with the city of Jackson and the public to charge, not in excess of thirty cents per thousand cubic feet; that the complainant, between July,

1932, and February 15, 1933, had used, in his home in the city of Jackson, sixty-seven thousand six hundred cubic feet of natural gas, for domestic purposes, the amount for each month being set out, and, that he only owed the company twenty dollars plus accrued interest, exclusive of the controverted item of the two per cent. sales tax, which the complainant had tendered in cash, in full payment of said bill; but that the defendant wrongfully refused to accept said payment unless the complainant would pay, also, an additional two per cent. state sales tax. This the complainant refused to do, whereupon the defendant threatened to cut off the service of gas unless said additional amount of two per cent. state sales tax was paid in addition to the proper charge fixed by the franchise. The bill also alleges that the complainant tenders in his bill, and stands ready, willing, and able to pay the franchise rate, but refused to pay defendant the two per cent. sales tax.

It is further alleged in the bill that after said tender, the defendant wrongfully and unlawfully cut and discontinued its supply of natural gas to the complainant, and closed its gas service pipes to the home of the complainant because of his refusal to pay the two per cent. sales tax, and that the complainant was solely dependent on the continuance of said service for cooking, heating, and personal use, all of which is and was well known to the defendant, and by reason of which complainant was damaged in the amount of one hundred fifty dollars. The bill prayed for an injunction ordering the resumption of gas service to the complainant at the franchise rates, and that such injunction might be made permanent.

The mandatory injunction was issued on the execution of a bond in the sum of three hundred dollars, enjoining the Mississippi Power & Light Company from collecting the two per cent. sales tax, and directing it to immediately resume and restore service of natural gas to the said C. D. Ross.

Service was thereupon restored and the defendant, Mississippi Power & Light Company, filed an answer, setting up that it had not refused to accept the amount due from C. D. Ross for gas at the rate of thirty cents per thousand cubic feet; but, on the contrary, had offered to accept said money, reserving the right to both parties to contest the right of the company to charge the two per cent. sales tax to the consumer.

On the hearing, it appeared, without dispute, that the defendant company had offered and agreed to accept the amount of the bill at the rate of thirty cents per thousand cubic feet without prejudice to the rights of either party, and to continue the service on the payment of said franchise rate until the right to charge the two per cent. sales tax was adjudicated.

The complainant testified that he tendered the franchise rate without the tax, but that the defendant would not accept the amount as in full, and refused to give him a receipt in full as demanded by him.

The proof shows, without dispute, that had the complainant paid the thirty cents per thousand cubic feet and accepted the receipt for that sum without prejudice to the rights of either party to have the matter adjudicated, the gas service would have been continued; but had the power company given Ross a receipt in full, that would have precluded it from thereafter charging or collecting the sales tax claimed by it, and, being a public service corporation, it would have been compelled to serve all consumers on the same terms. The proof also shows that the aggregate of the sales tax on all consumers amounted to eighty thousand dollars which the power company would have been compelled to pay without charging it to the customers.

There was no relief, under the bill, which could have been rendered other than the injunction sought. We know of no right that a party has to make a tender of money to an opposite party coupled with a demand for a receipt

in full. Under the law, when a party tenders an amount, such tender should be unconditional. In the case at bar, the tender was coupled with a condition which would have precluded the other party from thereafter asserting a right. Clayton v. Clark, 74 Miss. 499, 21 So. 565, 22 So. 189, 37 L. R. A. 771, 60 Am. St. Rep. 521; Cooper v. Yazoo & M. V. R. Co., 82 Miss. 634, 35 So. 162.

The statement in the bill that the power company refused to continue the service of gas unless the two per cent. sales tax was paid, as shown by the complainant's own testimony, is not true. But for this allegation, we do not think the court would have granted the mandatory injunction without a hearing.

A mandatory injunction should not be granted upon an ex parte application without notice except in cases of the greatest emergency. Glover v. Falls, 120 Miss. 201, 82 So. 4. A mandatory injunction should not be granted without notice to the defendant unless there can be no reasonable doubt of its propriety. Montgomery v. Hollingsworth, 127 Miss. 346, 90 So. 79; Morris v. Tuessell, 144 Miss. 343, 109 So. 854.

On the hearing, the injunction was made perpetual by the chancellor, holding that the defendant was without power to charge the sales tax in addition to the thirty cents per thousand cubic feet fixed by the franchise.

On the facts which we have hereinabove set forth, the chancery court had no right to grant the mandatory injunction, nor to perpetuate it on the hearing. The complainant had an adequate remedy at law. The test of jurisdiction must be determined by the facts developed on the trial, and the chancery court having no power, on the facts of this case, to grant such an injunction, nor to make it perpetual, it was without power to pass upon the right of the defendant to charge consumers with the state sales tax imposed by law. The jurisdiction of this matter was in a court of law. Sections 156 and 171 of the Constitution. This is not a case under section 147 of the

Constitution, because the chancery court, under the facts, had no right to grant an injunction, and there was no relief that could be granted under the bill, other than injunction. There had been no payment of the tax in dispute, and no coercion to force its payment. The company having offered to receive the amount of the franchise rate due without the tax, and the complainant having refused to pay that amount without a receipt in full, there was nothing else involved which the court could adjudicate except the writ of injunction.

There was no cross-bill filed by the defendant, and in no aspect of the case did the chancery court have jurisdiction of the controversy.

The judgment of the court will be reversed and the bill dismissed.

Reversed and dismissed.