HOLMES *v.* BATES.

Oct. 5, 1953

No. 38842 37 Adv. S. 19 67 So. 2d 273

234

*Breed O. Mounger,* Tylertown, for appellant.

*B. D. Statham,* Magnolia, for appellee.

LEE, J.

This lawsuit grew out of the sale of about 30 acres of real estate, evidenced at first by a contract, and subsequently by a deed of trust. Mrs. Alice B. Bates, the purchaser, made known to H. B. Holmes, the seller, her desire to pay off the amount outstanding on the purchase price. Holmes' first statement amounted to $1,074.28, but later he reduced it to $725.32. Thereafter Mrs. Bates filed her bill, alleging that she owed only $432.56 and tendered that amount. The prayer of her bill was for an accounting, for the allowance of damages for failure of title to a small parcel, and for an injunction against foreclosure proceedings. A mandatory injunction was granted upon the filing of the bill. The answer put the several allegations in issue.

A master was appointed to state an account as between the parties, and this having been done, the amount due under the contract was found to be $593.21, while under the deed of trust, it was shown to be $727.74. On the hearing, the court adjudged the larger amount to be due, decreed damages in the sum of $100.00 for failure of title to the small parcel, offset the amount of damages and the tender of $437.56 against the debt, as adjudged, allowed the defendant an attorney's fee of 15% on the difference of $190.15 and disallowed interest. Holmes appealed.

Appellant concedes that the finding as to the amount of debt is correct, but he is aggrieved at the other provisions of the decree.

The note, which the deed of trust secured and on which the court adjudicated the amount of the debt, provided

for interest at the rate of 6% per annum and a minimum attorney's fee of 15%. Appellant was, therefore, clearly entitled to these incidents unless they were lost or decreased on account of the tender and the allowance of damages.

It is true that █ "Where a debtor is really and bona fide ready to make payment and intends to do so, but is prevented from doing so by the act or omission of his creditor, the latter will not be entitled to interest. * * * A tender, however, of less than the full amount due will not stop the running of interest." 30 Am. Jur., Interest, Sec. 52, pg. 42. See also 47 C. J. S., Interest, Sec. 50, pg. 61. In Tishomingo Savings Institution v. Buchanan, 60 Miss. 496, this Court said: "The continuance of interest until payment is vindicated by our opinion in Meaders v. Gray, ante p. 400." The tender of only 60% of the debt could, under no circumstances, absolve the debtor from further liability for interest.

 To prevent the recovery of attorney's fees, there must not only be a bona fide tender, but it "must be in the full amount due the creditor, and it must be made before the right to recover such fees has accrued by the terms of the agreement, as by filing suit to enforce the debt." 52 Am. Jur., Tender, Sec. 40, pg. 244. In this case only about 60% of the debt was tendered, and the services of an attorney were necessary to collect the debt, and the collection was effected only after litigation.

 Besides, the tender was not unconditional. It was coupled with the condition that the deed of trust should be cancelled, and would have precluded the appellant from thereafter asserting a right to collect more. In Miss. Power & Light Co. v. Ross, 168 Miss. 400, 150 So. 830, it was held that a tender, to be effective, must be unconditional. It is true that the appellee, with her tender, stated that she was willing to pay any further amount that the court might decree that she was owing, but she was, in fact, maintaining that she owed only $436.56. Thus the

principle here is no different from that expressed in Tishomingo Savings Institution v. Buchanan, supra, where it was said: "It is true that he (the appellee) declares his readiness to pay what may be legally due on it, but he asserts there is nothing due, and *this is inconsistent with a tender*." (Emphasis supplied.)

It is also true that in certain cases, which involved an accounting, the tender of a safe sum in good faith which the debtor honestly believed to be due, and the offer to pay whatever should be ultimately ascertained as the amount legally due was held to constitute a compliance with the law. Purvis v. Woodward, 78 Miss. 922, 29 So. 917; Crittenden v. Ragan, 89 Miss. 185, 42 So. 282. But even according to appellee's contention, the amount owing was $593.21. Consequently she tendered only 73% of that amount. A debtor, in good faith, ought not to forget 27% of his obligation.

As regards damages for failure of title, the bill described the parcel of land with considerable particularity. However, the proof was that some negro by the name of Bips told Mrs. Bates that his corner comes close to her house, and "that that belongs to him." Mrs. Bates was in possession of all of the land and had never made any complaint to the appellant about the negro's claim. Besides the proof wholly failed to identify or describe the parcel of land which the negro was said to be claiming, or to show that it was in the SW¼ of the SW¼ of Section 8, Township 3 N, Range 8 E, as charged in the bill, or to show the value thereof. The final decree did not even describe the parcel. So the proof was wholly insufficient on which to base an allowance for damages.

 It follows, therefore, that the decree of the trial court must be reversed and that a decree should be entered here for the appellant in the sum of $727.74, plus a 15% attorney fee thereon, and plus interest at the rate of 6% per annum from April 2, 1952, to date of payment.

The mandatory injunction against foreclosure proceedings is dissolved, and the appellee is given 10 days from this date in which to make full payment.

Reversed, and decree here for appellant.

*McGehee, C. J.,* and *Kyle, Holmes* and *Lotterhos, JJ.,* concur.