ROBERT COX, to use, &c., *v.* JACOB VOGH et al.

INJUNCTION: CONTRACT.—An instrument of writing having both the form and
substance of an injunction bond, with the exception of the seals of the obligors,
will be valid as a simple contract against the makers, if the party entitled to
the bond waive it, by accepting the instrument in controversy.

IN error from the Circuit Court of Warren county.   Hon. J. S.
Yerger, judge.

*Freeman* and *Dixon*, for plaintiff in error,
Argued, that as the instrument of writing recited that it was
sealed, that it could not be denied by defendants that it was
sealed.  Chitty on Contracts, p. 5 and 6.  That the parties

having received all the benefits of the instrument, that they could receive under a bond conforming in every respect to the statute, they were estopped from denying it to be a bond.   11 Conn. 345 ; 17 Conn. 355 ; 4 Blackford, 435 ; 4 Ib. 553 ; 8 Watts, 380 ; 18 Pick. 115.

An instrument invalid as a bond for want of a seal, is valid as an unsealed instrument.   8 S. & M. 519 ; 5 Johns. 293.

There was no brief filed with the record for defendants in error.

FISHER, J., delivered the opinion of the court.

The plaintiff below brought this suit in the Circuit Court of Warren county, upon what is alleged to be an injunction bond, executed by the defendants.

It appears that the defendants, having filed their bill in the Superior Court of Chancery, obtained from the chancellor a fiat for an injunction, which was to be issued upon their executing a bond in a certain penalty, with the persons approved by the chancellor as securities.   That the defendants accordingly executed an instrument in both form and substance of a bond, with the exception of the seals of the parties, and that upon the execution of this instrument the injunction was issued according to the prayer of the bill.   The original complaint treats the instrument as a bond, because, as it is alleged, it was manifestly the intention of the parties to make it a bond.   There is perhaps, no doubt as to their intention.   But the mere unexecuted intention to do an act, cannot be treated as the act itself.   The question is what did the parties do ?   Did they execute a bond ?   The answer must be in the negative, for the reason that a bond cannot be created without the seal of the obligor, or without that which the law treats as a substitute for a seal, and neither the seal nor the substitute appearing to this instrument, it cannot for any purpose be treated as a bond.

We are therefore of opinion that the court committed no error in sustaining the demurrer to this complaint.

After the judgment on the demurrer was pronounced, the plaintiff filed an amended complaint, declaring on the instrument as a simple contract, and the court also sustained a demurrer to this amended complaint.   The question for decision is as to the correctness of this last decision.   It is a principle which scarcely admits

Cox *v.* Vogh et al.

of an exception, that parties may contract about any and all matters, to the extent that the law has not restrained them. The question is not whether the law has conferred the right to contract in the particular case, supposing there is a consideration, but whether it has imposed a restraint, or prohibited the doing of the act. This brings us to the consideration of the true questions in this case, to wit, whether there was a sufficient consideration for the promises or assumpsits contained in this instrument, and if so, whether the parties could not, under the rules of law, bind themselves in this manner.

An injunction is not a writ of right. It can only be granted upon terms. Being part of the process employed by courts of equity to prevent an alleged wrong or injury, to the party obtaining it, the court or judge granting the writ requires the party to enter into an obligation with security, that if it shall appear that the writ was obtained upon a false showing, or shall not be sustained, that the party restrained shall be placed in *statu quo* as to his right, or shall be fully compensated in damages. The statute has prescribed a bond with security as the indemnity which the party shall have; and there can be no doubt, but that he is entitled to this indemnity if he insists on it. But it is not the bond, as a mere bond, which is to protect the party. It is the security which it contains, to wit, the parties who covenant jointly with the party obtaining the injunction, to place the defendant in the bill in as good a situation as he stood before the writ was issued. Without this security, no writ restraining the party could have been issued, but the security having been given, the injunction was issued.

This statement of the case would seem at once to settle the question as to the consideration, which consists either in a benefit to one of the parties, or an injury to the other; and the injunction in this case has done both, to wit, benefited the complainants in the bill, and injured the defendant.

The question as to the consideration being settled, it only remains to inquire whether the parties could bind themselves otherwise than by a bond. Such an instrument is certainly regarded, at least by the rules of the common law, as one of higher dignity than a simple contract. But if this means anything, it only means that a party obtaining an injunction shall enter into an obligation of the

highest dignity known to the law; and this he shall do for the better protection and security of the adverse party; and if he is entitled to an obligation of the highest grade, to protect him against the restraints he is placed under by the injunction, it is difficult to see why he should not be permitted to waive this right, and take one of an inferior grade, if so disposed. If he made no motion to dissolve the injunction, because a bond with security was not executed, he would be held to have waived such advantages as would accrue to him under a bond, to rely alone on such obligation as had been given. As a general rule, when a man can bind himself by a specialty, he can bind himself to perform the same duty by a simple contract. The question is not whether a man may not, upon common law principles, bind himself by either mode of contracting, but to what extent has the law prohibited him from contracting in either mode? In regard to the case of an injunction, the complainant has no right to compel the adverse party to take merely a simple contract as his security; but he may force him to take a bond, whether he is willing to receive it or not. It is merely the party's right to insist on this kind of an obligation; but if he is willing to receive one, wholly different in many respects, and less onerous on the parties giving it, what is to hinder him from doing so? A bond imports a consideration. The consideration of a simple contract, if not shown on its face, has to be proved. The time within which the Statute of Limitations will constitute a bar, is different. But it all amounts to this, the one party is benefited, and the other may be injured by deviating from the security usually required. The parties benefited have no right to complain, and the party injured can elect not to complain, if so disposed.

We are therefore of opinion, that the demurrer to the amended complaint was improperly sustained. Judgment reversed, demurrer overruled, and cause remanded.