MORRIS *v.* TRUSSELL.*

(Division B.   Oct. 25, 1926.)

[109 So. 854.   No. 25738.]

1. INJUNCTION.
   Chancellor's decree, ordering mandatory injunction in vacation
   without consent of parties, *held* to constitute only an interlocu-
   tory decree authorizing temporary injunction.

2. INJUNCTION.
   Appearance of defendant and contest of issuance of mandatory in-
   junction *held* not equivalent to consent that cause be finally
   heard in vacation.

3. COURTS.
   A cause can be heard in vacation only in manner prescribed by
   statute or by consent of parties.

4. INJUNCTION.
   Preliminary mandatory injunction partakes of character of final
   judicial process, and should never issue unless right thereto be
   clear and certain.

5. INJUNCTION.
   Chancery court had no authority to issue preliminary mandatory
   injunction until bond was given and approved, as provided by
   Hemingway's Code, section 370.

6. APPEAL AND ERROR.
   Supreme court will not decide questions unless decision be im-
   perative.

*Corpus Juris-Cyc References: Appeal and Error, 4CJ, p. 649, n. 36.
Courts, 15CJ, p. 899, n. 88; p. 900, n. 93. Injunctions, 32CJ, p. 24,
n. 45; p. 25, n. 51, 54; p. 310, n. 9; p. 363, n. 68 New.

APPEAL from chancery court of Sunflower county.
HON. E. N. THOMAS, Chancellor.

Suit by R. M. Trussell against Harris S. Morris.  De-
cree granting a mandatory injunction, and defendant
appeals with *supersedeas*.   Reversed and remanded.

*Chapman, Moody & Johnson,* for appellant.

I.  A mandatory injunction cannot be issued without bond; yet by the decree herein, the chancellor directed the chancery clerk to issue the mandatory injunction prayed for in the bill of complaint without bond or security, contrary to section 610, Code of 1906.  Executing a bond as provided is a condition precedent to the issuance of the injunction, and an injunction without the necessary bond is void.  *Castleman et al.* v. *State*, 47 So. 647.

II.  In the next place, has the complainant shown a right to a mandatory injunction?  This is a most drastic writ and will not be issued "unless the right to it is so satisfactorily shown that there can be no reasonable doubt of its propriety.  The case made should be such that there can be no probability that the defendant can make a valid objection to it."  *Gulf Coast Ice Mfg. Co.* v. *Bowers*, 32 So. 113.

The chancery court will not superintend these payments nor will anyone else, but the *corpus* of the suit here was turned over to a bank, not a party to the suit, to be disbursed by it while the suit is pending.  It is a fundamental principle that a court of equity will not superintend expenditures such as are by the decree rendered in this cause provided for.  *Sims* v. *Van Meter Lbr. Co.*, 51 So. 459; *Jones* v. *Miss. Farms Co.*, 76 So. 880 (7).

To issue a mandatory injunction in such a case is contrary to the well-known principles of law governing such. 32 C. J., p. 25.  Our court has held that it is improper by a preliminary injunction to order a restoration of property by one litigant to another.  *Adams* v. *Ball*, 5 So. 109.

III.  By the decree it is assumed that the appellee, the mortgagor, is entitled to the proceeds of the policy, or rather to have the proceeds thereof devoted in the manner specified by him in his bill of complaint to the

reparation of the damage by fire to the residence. The appellant is the mortgagee whose deed of trust stipulates that the grantors therein shall keep the residence on the lots described in the deed of trust insured against loss by fire, and that the policy of insurance shall contain a mortgage clause payable to the said mortgagor, the appellant, as his interest may appear.

26 C. J., p. 438, par. 588, says: "Where the insurance is taken out by the mortgagor for the benefit of the mortgagee, or is made payable to the mortgagee as his interest may appear, the mortgagee is entitled to the proceeds of the policy to the extent of his mortgage, holding the surplus, if any, after the extinguishment of his debt for the benefit of the mortgagor.

IV. The chancellor, in vacation, on an application by complainant for a mandatory writ of injunction, rendered a decree practically disposing of the entire controversy. The chancery court, or the chancellor, is without jurisdiction in vacation to try the case or to render such a decree.

*F. M. Featherstone* and *J. L. Williams,* for appellee.

I. The first point made by appellant on this appeal is that the decree should be reversed because no bond was given, as required by section 610, Code of 1906. There would be more force in this argument if the injunction had issued and motion had been made to dissolve same, and an appeal taken from an order overruling the motion to dissolve. But an appeal was taken before the writ issued, and we take it that this court will not devote its time to the consideration of the moot question, whether or not an injunction, which has never been issued, would or would not be void, if it had been issued.

It is our contention that the section cited has application to preliminary injunctions granted on an *ex parte* application. Certainly that was the situation in *Castle-*

*man* v. *State,* relied on by appellant. Counsel take the position in their brief that the decree should be reversed because it is a *final decree* and also because a *preliminary order* was made for an injunction without a bond. These positions are inconsistent. There was only one decree rendered by the chancellor.

The supreme court of Indiana has held in a well-reasoned case that a statute requiring a bond before the issuance of an injunction has no application where the decree grants the sole relief prayed for, as in the case at bar.

II. Counsel for appellant next contend that appellee did not show a right to a mandatory injunction. We contend that on the showing made by the appellee he was entitled to this writ. The controlling principle is clearly stated in Griffith's Mississippi Chancery Practice, section 444.

We have no quarrel with the principles of law announced in *Sims* v. *Van Meter Lbr. Co.,* 51 So. 459; and *Jones* v. *Miss. Farms Co.,* 76 So. 880, but submit that a reading of these cases will demonstrate that they have no application to the instant case. We are not seeking specific performance, and are not asking the court to superintend the repairs on the building in question.

III. Appellant's third contention is that he is absolutely entitled to the proceeds of the check; that it must be paid to him to satisfy a debt not due, and not applied to the restoration of this property.

It is conceded in appellant's brief that, if the appellee had restored the property to as good condition as it was before the fire, he would be entitled to the proceeds of the check. This doctrine is announced in 26 C. J. 440. But in the bill filed all appellee was seeking was to have the proceeds of the check applied to the restoration of the property. He offered to give such security as to the court might seem right and equitable, to insure the

application of the money for that purpose.  14 R. C. L., sec. 536.

*Chapman, Moody & Johnson,* in reply, for appellant.

The appellee argues the case as if there had been a hearing on the merits and a final determinnation of the controversy; this was a hearing before the chancellor in vacation on an application by appellee for a preliminary mandatory injunction, before answer was filed, not on the merits, but only to determine whether on the showing made a preliminary injunction should issue.  In our original brief we, of course, in speaking of the issuance of a mandatory injunction, referred to the kind of injunction here directed to be issued; that is, a preliminary mandatory injunction.  We think it clear on principle as well as from the showing made by the appellee on his application for a preliminary mandatory injunction that it was manifest error for the court to direct that issue and, under any circumstances, to render the decree rendered, or any decree, in vacation.

ANDERSON, J., delivered the opinion of the court.

Appellee, R. M. Trussell, filed his bill in the chancery court of Sunflower county, against appellant, Harris S. Morris, for a mandatory injunction, requiring appellant to indorse a check for nine hunderd twenty-two dollars and seventy-five cents, payable to appellant and appellee jointly.  The prayer of appellee's bill was granted, and a mandatory injunction issued, and, from the decree of the court so ordering, appellant prosecutes this appeal with *supersedeas.*  The following is deemed a sufficient statement of the case to bring out the questions involved:

Appellee was the owner of certain lots in the town of Moorhead, in Sunflower county, on which there was situated a residence.  Appellant held a mortgage indebt-

edness of something over two thousand dollars against the property, which mortgage indebtedness appellee had assumed to pay when he purchased the property. Appellee had the property insured against loss by fire. The policy contained a standard New York mortgage clause, which provided that, in case of loss by fire, payment of such loss by the insurance company should be made to the beneficiary in the mortgage as his interest might appear. The residence was damaged by fire. The loss was adjusted; the amount agreed upon being nine hundred twenty-two dollars and seventy-five cents. The insurance company, in view of appellee's ownership of property and the fact that appellant had a mortgage on it, issued a check for the amount of the loss payable to appellant and appellee jointly. The check therefore could not be realized on without the indorsement of both. Appellant refused to indorse the check, contending that he was entitled to the proceeds of the insurance policy; while appellee contended that he was entitled to such proceeds for the purpose of repairing the damage done the residence, which, he claimed, would restore it, so that appellant's security under his mortgage would be as good or better than it was before the fire damage. Appellee had appellant served with a copy of the bill in this case, and notice that at a certain time and place before the chancellor, in vacation, appellee would ask for a mandatory injunction commanding appellant to indorse the check in question. The parties appeared before the chancellor at the time and place fixed in the notice, and there was a hearing on evidence introduced by both sides, and a decree entered by the chancellor, commanding that the check be indorsed and turned over to the bank of Moorhead, and held by that bank for the purpose of paying for the repairs on the residence, as they progressed, on itemized, sworn bills therefor by the contractor making the repairs. The decree of the court required no bond of appellee as a condition precedent to the issuance of the injunction. At the time of the hear-

ing, appellant had not answered the bill, and, under the law, the time had not expired within which appellant was required to answer it. At the hearing, the evidence showed that the fire damage to the residence was being repaired and the repairs had progressed to some extent.

The decree of the chancellor, ordering that the mandatory injunction issue, was an interlocutory decree. A final decree could not have been rendered in vacation without the consent of the parties. The fact that appellant appeared and contested the issuance of the mandatory injunction was not equivalent to a consent that the cause be finally heard in vacation. A cause can be heard and determined in vacation only in the manner laid down by the statute or by the consent of the parties. The statute was not followed in this case, nor was the consent of both parties given. The decree rendered, therefore, could have been nothing more than an interlocutory decree authorizing a temporary injunction, and could have been set aside at a regular term of the court.

A preliminary mandatory injunction partakes of the character of final judicial process, and should never issue unless the right thereto be clear and certain. There must be no reasonable doubt of its propriety and "no probability that the defendant can make any valid objection to it, and no possibility that its justice can be controverted;" otherwise both sides must be heard before its issuance, and, even then, it should be refused except under extraordinary conditions. Mississippi Chancery Court Practice (Griffith); *Montgomery* v. *Hollingsworth*, 127 Miss. 359, 90 So. 79; *Miles* v. *Fink*, 119 Miss. 147, 80 So. 532; *Pearman* v. *Wiggins*, 103 Miss. 11, 60 So. 1; *Gulfcoast Co.* v. *Bowers*, 80 Miss. 584, 32 So. 115.

And in no case will such an injunction issue until bond has been given and approved, as provided by section 610, Code of 1906 (Hemingway's Code, section 370). Griffith's Mississippi Chancery Practice, section 448. Judge GRIFFITH, in the section referred to, states the principle in this language:

"Before any preliminary writ or order can have the effect of an injunction, by whatever name the writ may be called, it is essential that bond be required and be given; and, if it is not so done, the injunction is a nullity"—citing, in support of the text, *Castlemen* v. *State,* 94 Miss. 617, 47 So. 647; *Duckworth* v. *Millsaps,* 7 Smedes & M. 15 (Mass.) 311; *Cox* v. *Vogh,* 33 Miss. 189.

We do not decide the question as to whether appellant or appellee was entitled to the proceeds of the check involved, or whether the chancellor erred in directing that the proceeds of the check be expended through the Bank of Moorhead (not a party to the suit) in repairing the fire loss on the residence, because, judging from the evidence before the chancellor, those questions may be moot when the case goes back. The insurance policy was not made a part of the record. Its provisions with reference to the rights of the parties to its proceeds are probably controlling. This court, following the well-established rules of appellate courts, will not decide questions unless their decision be imperative.

*Reversed and remanded.*