## DULANEY v. DULANEY.

(Division A.    Feb. 14, 1938.)

[178 So. 814.    No. 32941.]

A. M. Pepper, of Lexington, for appellant.

G. H. McMorrough, and **D. T. Ruff,** both of Lexington, and **L. J. Wise,** of Yazoo City, for appellee.

40

**Smith, C. J.,** delivered the opinion of the court.

This is an appeal from an order or decree by the chancellor of the court below made in vacation. The appellee sued the appellant, her husband, for a divorce and alimony, and a decree in accordance with the prayer of the bill was rendered. The appellant did not answer the bill of complaint, and after the adjournment of the court filed a petition praying that the decree be set aside, and that he be granted a new trial.

The chancellor in vacation ordered that the petition be heard before him on the 24th of July, 1937. How this order came to be made does not appear, but on July 24th the chancellor continued the hearing to Saturday, July 31st, the parties agreeing thereto. On July 31st the chancellor granted the following order or decree: "This matter coming on this day to be heard upon defendant's petition to set aside decree and the chancellor being of the opinion that he is without power to act in

vacation, thereon, it is therefore Ordered, Adjudged and Decreed that said petition be and the same is at this time overruled. To which action of the court, defendant then and there excepted and had his exceptions allowed by the court.''

The record does not contain any agreement by the parties for the hearing in vacation, and in the absence thereof, the chancellor very properly held that he was without the power to then dispose of it. The recital in the order, ''that said petition be and the same is at this time overruled,'' following the adjudication that the chancellor was without jurisdiction to then dispose of the matter, can mean only that the petition was then overruled, not finally, but for the time being, leaving its merits, which are not now before us, to be disposed of in term time. From this it necessarily follows that the appeal should be, and it is, dismissed.

So ordered.