Natis v. Jackson.

In Banc. Feb. 28, 1949.

(38 So. (2d) 925)

Howie, Howie & McGowan, and **E. W. Montgomery, II,** for appellant.

494

James A. Wiltshire, for appellee.

Smith, J.

No witnesses testified in this case, which was a suit by appellee against appellant for partition of a residence

and lot, but the Chancellor rendered a decree granting the prayer of the original bill, from which decree this appeal was prosecuted.

From the pleading we glean certain factual issues, and also certain undisputed facts. So, we go to the pleadings.

The original bill averred that the parties hereto had formerly been married, but were divorced at the time of the litigation. During the period of their matrimonial alliance appellee purchased the property involved in the lawsuit. Before the divorce, the bill further charges, the appellant "by fraud and undue influence induced him to deed the property to her. . . . which he did but the deed was never delivered and was not to be recorded but was to protect her in the event complainant died to keep his son under another marriage from partitioning and dividing the property and so as to assure her a home there after he died, and the deed was not to be delivered or recorded until after his death, if he died first. The deed was dated April 11, 1939. Then on February 18, 1943, . . . she, the defendant, stole the deed from among his papers, while they were having one of their many disagreements and fights and had the same filed." Afterwards, the appellee filed a suit to cancel this deed or to have the property partited. The Court divided the title to the house and lot, one half to each. On the foundation of that decree the appellee filed the suit at bar, seeking a sale of the property for division of the proceeds. The original bill did not waive answer under oath.

Appellant filed an answer, admitting the execution of the deed to her, which was without "fraud or undue influence", and averring that it was done of appellee's own free will and accord. She categorically denied the other related averments in the original bill, but charged affirmatively that "Roosevelt Jackson, did, in fact, have said deed recorded and that she was with him when he had the same recorded . . .". The answer claimed that the suit to which appellant referred was for can-

cellation only, and that the decree therein granted by the Chancellor was signed in vacation, "without the entry of any order of the court authorizing the entry of such decree in vacation". Appellant, then, relying on the invalidity of the aforesaid adjudication denied tenancy in common and that appellee owned any interest in the land. This answer was sworn to.

Appellant also filed a crossbill which repeated the factual averments and denials of the answer, and in addithereto reviewed the history of the former court proceeding. She pointed out that, while a decree in that case, rendered at the February term 1946 of Chancery Court recited an agreement of the parties for a hearing and decree in vacation, the regular April and August terms of that Court intervened before the final decree was signed on November 5, 1946, when the Court was not in session. No order was entered by the Chancellor at either the April or August terms of Court taking the cause again under advisement, which would ultimately have been required to have been re-entered at the August term 1946, to authorize the vacation decree November 5, 1946. This was not done, and the cross bill charges that such decree so rendered was therefore void, and did not legally affect her sole title to the land, or give to appellee any interest in it on which to base his prayer for partition. She therefore prayed that "the claim of the crossdefendant herein be cancelled as a cloud upon the title of the cross-complainant."

There was no answer to this crossbill but appellee interposed a general demurrer, interspersed with a few grounds of special demurrer. However, we notice only the general demurrer,—that there is no equity on the face of the bill. We think there is, and that the demurrer should have been overruled.

However, let us suppose it was sustained properly and the crossbill properly dismissed, the answer of appellant was still on file, and the Court should then have heard the case on bill, answer and proof, instead of then

and there entering a final judgment for appellee, when there was no testimony before the Court.

We have heretofore decided the specific issue set up in the crossbill, favorably to the contention of appellant, and contrary to the ruling by the Chancellor, in dealing with a statute conferring certain vacation powers upon circuit judges, including rendering judgments and delivery of opinions. ██ ██ We held that, in cases taken under advisement at a term of court for such purposes in vacation, "vacation" means that period between the ending of one term and the beginning of the next; and where a decision is not rendered by the beginning of the next term, the case becomes subject to disposal in term time and it requires a new order to carry the case into the next succeeding vacation. A judgment rendered after the next succeeding term without a new order to decide it in vacation being entered is void. Union Motor Car Co. v. Cartledge, Sheriff, et al., 133 Miss. 318, 97 So. 801. In the case at bar, two regular terms of the Chancery Court intervened between the February term 1946, at which the order of advisement was entered, and the non-court date in November following when the final decree was entered. It was, therefore, void and conferred no rights on appellee.

There was no consent for further advisement at the August term, the last term before the so-called vacation decree, and, consequently, the Court had no power of adjudication in November 1946. Callicott v. Horn, 137 Miss. 693, 102 So. 850, and cases cited in the opinion of the Court.

Our views here are further supported by Union Motor Car Co. v. Farmer, 151 Miss. 734, 118 So. 425; Section 594, page 664, Griffith's Chancery Practice; Dulaney v. Dulaney, 181 Miss. 36, 178 S. 814.

██ ██ Counsel for appellee bases his argument for affirmance on two grounds: 1. That the crossbill is a collateral attack on the decree in the first suit of appellant. Even if that were true, to which we do not agree,

the decree in the former case, being void, may be attacked collaterally, anywhere and at any time. 2. The case of Rayl v. Thurman, 156 Miss. 8, 125 So. 912, 914, in which was involved the construction of a decree, as to which we said: "The words in the order must be construed, therefore, as having been used in the legal sense, namely, that all the parties submitted the cause for decree in vacation". This holding is not in conflict with the case of Union Motor Car Co. v. Cartledge, supra, defining vacation in the legal sense, since, in its legal sense, "vacation" means the period between the adjournment of the regular term of court at which the cause was taken under advisement and the convening of the following regular term of court in due course. Rayl v. Thurman is not in point on the precise issue before us, in the case at bar.

We are of the opinion that the demurrer to the crossbill should have been overruled, the cross-defendant permitted to answer, if he so desired, and the cause heard on original bill, answer, crossbill and answer thereto, and proof on the merits. Certainly no final judgment should have been entered while the answer was on file and undisposed of, without proof. We, therefore, accordingly reverse and remand the cause for hearing on the merits.

Reversed and remanded.

**Montgomery, J.**, took no part in this decision.