SMITH *v.* SMITH, et al.

May 10, 1954

No. 39232          64 Adv. S. 50          72 So. 2d 230

*Francis S. Bowling, Barnett, Jones & Montgomery,* Jackson, for appellant.

*Currie & Currie,* Hattiesburg, for appellee.

HALL, J.

Dale Berry Smith met his death on or about June 6, 1953, while serving as a seaman, as the result of a collision between two ocean-going vessels in the Delaware River off the shore of New Jersey. On June 17, 1953, Hugh D. Smith, his father, filed a petition in the Chancery Court of Simpson County, Mississippi, alleging the death aforesaid, that he decedent died intestate, that he was a single man, that he was late of Simpson County, and left surviving as his sole heirs at law his father, Hugh D. Smith, and his mother, Mrs. Corinne Smith, that he left an unliquidated claim for damages on account of his death, that the estate should be immediately administered, and that letters of administration should be issued to him upon his taking the oath prescribed by statute and entering into bond, etc. On July 17, 1953, the chancellor entered a decree appointing Hugh D. Smith as administrator of said estate, and directing the issuance of letters of administration to him upon his taking the statutory oath and entering into bond in the sum of $1,000. On the same date the oath was taken, the bond given and approved, and letters were issued.

In the meantime and on June 25, 1953, appellant filed a petition in the Chancery Court of Hinds County, Mississippi, in substantially the same form, alleging that she is the widow of deceased, and asking to be appointed administratrix. On the same date the Chancery Clerk of Hinds County entered an order appointing her, and, the oath having been taken and bond given, letters of administration were issued to her on that date.

On August 27, 1953, appellee filed in the Chancery Court of Simpson County a petition under Section 1270, Code of 1942, for determination of the heirs at law of

deceased, setting up the above facts and specifically alleging that he and his wife are the sole heirs at law of deceased, and that deceased was a single man and left no surviving wife or child or brothers or sisters. Mrs. Corinne Smith, the mother of deceased and the wife of appellee, was made a defendant, and appellant, under two alleged aliases, was also made a defendant, and process served on both of them, and publication was also had for the heirs at law of Dale Berry Smith. Mrs. Corinne Smith answered the petition and admitted all its allegations. Appellant filed no answer thereto but appeared and filed a written, unsworn motion to dismiss the petition. Appellee answered the motion under oath and specifically averred, among other things, that the deceased was unmarried and single at the time of his death, that his mansion house, principal place of residence and fixed place of residence at the time of his death was in Simpson County, Mississippi, and not in Hinds County.

Appellant submitted her motion to dismiss without the offering of any evidence whatever on the issues which had been raised and tendered by the petition, and the chancellor overruled it, from which she appeals under an order granting "an interlocutory appeal to the Supreme Court of Mississippi from this order overruling said motion to dismiss." The order does not recite that the appeal is allowed "in order to settle all the controlling principles involved in the cause" nor that this is an exceptional case where such an appeal will avoid expense and delay, as required by Section 1148, Code of 1942. It is at once apparent that a decision on the question of whether the motion to dismiss was improperly overruled will not settle any of the controlling principles of the case. The petition filed by appellee raised issues of fact for decision. None of those issues will be settled by a decision by us on the propriety of the lower court's action in overruling the motion. ▆▆ ▆ The appeal was not authorized by the statute, and we may question it ex mero

motu.   Lee v. Magnolia Bank, 207 Miss. 327, 42 So. 2d 229.
Griffith's Chancery Practice, Sections 680-684.
   Appeal dismissed.

   *McGehee, C. J.,* and *Kyle, Holmes* and *Gillespie, JJ.,*
concur.