Coats *v.* Coats

No. 40060          March 19, 1956          86 So. 2d 4

*E. K. Collins,* Laurel, for appellant.

No counsel for appellee.

HALL, J.

The appellant filed a habeas corpus suit in the county court against her husband, the appellee, involving the custody of their minor child. She exhibited with her petition a copy of a decree of the District Court of Brazoria County, Texas. The appellee answered the suit and exhibited with his answer a copy of a decree of the Chancery Court of Jones County, Mississippi, and also made known to the county court that a suit was pending in the Chancery Court of Jones County involving the custody of the minor. The County Court of Jones County entered an order transferring the case to the Chancery Court of Jones County for final hearing, and from that decree the wife appeals, contending that the county court should have heard the suit and that it erred in ordering it transferred to the chancery court.

No final judgment was entered in the county court. Section 1148, Code of 1942, provides for an appeal from certain interlocutory orders or decrees of the chancery court where the chancellor grants the appeal and thinks it proper in order to settle all of the controlling principles involved in the case. That statute applies only to chancery court decrees or orders and we have repeatedly announced the rule that appeals from interlocutory orders or decrees apply only to cases in

the chancery court. Roach v. Black Creek Drainage Dist., 206 Miss. 795, 41 So. 2d 5, and cases therein cited. ██ █ There is no authority of law for an appeal from an interlocutory order or judgment of the circuit court or the county court and appeals are allowed only from final judgments of such courts ██ █ and it is the primary duty of this Court to determine its jurisdiction of appeals and where the question is not raised, it is our duty to raise it. Roach v. Black Creek Drainage Dist., supra. We think the appeal in this case is not authorized by law and the same will accordingly be dismissed.

Appeal dismissed.

*Roberds, P.J.,* and *Lee, Kyle* and *Holmes, JJ.,* concur.