HYDE CONSTRUCTION COMPANY, INC. et al. *v.*
HIGHWAY MATERIALS COMPANY, et al.

No. 42814 December 20, 1963 159 So. 2d 170

*Watkins & Eager, William E. Suddath, Jr.,* Jackson, for appellant.

*Overstreet, Kuykendall, Perry & Phillips, Green, Green & Cheney, Tighe & Tighe,* Jackson, for appellees.

RODGERS, J.

This is an appeal from judgments of the Circuit Court of the First District of Hinds County, Mississippi, in two causes of action tried on one record, both of which grew out of the following facts.

Hyde Construction Company, Inc. (hereinafter called Hyde) entered into a contract with the Mississippi State Highway Department to build a certain part of the state highway. The United States Fidelity & Guaranty Company, as surety, (hereinafter called U. S. F. & G.) posted the usual contract performance and payment bond. Since the first suit was filed on this bond and contract, it will be designated as "first suit."

Hyde also contracted with the Mississippi State Highway Department for the construction of another portion of the state highway, and U. S. F. & G. also posted a surety bond for the faithful performance of this contract. This contract will be designated as "second suit."

It is shown without dispute that Hyde obtained from appellee, Highway Materials Company, materials valued at $50,653.66. It is also shown that Hyde did not pay for these materials.

Hyde obtained materials valued at $951.88 from Knowles Materials Company. Hyde was also furnished insurance coverage by Dan Bottrell & Company in the sum of $10,067.10. It obtained materials from Faulkner Concrete Pipe Company valued at $106,623.84. Hyde failed to pay the above indebtedness, and on June 8, 1962, Highway Materials Company filed a suit against Hyde and U. S. F. & G. for the indebtedness, plus

"interest, expenses and attorney's fees." The amount of the attorney's fee was not stated. The petition simply requested "reasonable" attorney's fees. Process was issued to both defendants, but before process was returned, the other above-named claimants intervened, setting out their claims and also asking for a judgment for the principal, plus interest and "reasonable attorney's fees." Neither defendant filed an answer in either case. Thereafter, on July 2, 1962, the plaintiffs on the first suit appeared before the circuit court and obtained a judgment against Hyde and U. S. F. & G. The circuit judge allowed 15% of the amount due as attorney's fees to each claimant, as follows: Highway Materials Company $8,446.70; Knowles Materials Company $156.65; Dan Bottrell & Company $1,781.86; and to Faulkner Concrete Pipe Company $17,011.81.

On July 18, 1962, defendants filed a motion to set aside the default judgments insofar as the judgments to fix the attorney's fees were concerned, and requested that "attorney's fees be fixed" at reasonable sums.

In the second suit above-mentioned, it was shown that Hyde became indebted to Highway Materials Company for $121.30. It also became indebted to Knowles Materials Company in the sum of $70,214.63. On June 8, 1962, Highway Materials Company filed its suit against Hyde and U. S. F. & G. seeking to recover the amount due it, and "reasonable attorney's fees." Knowles Materials Company intervened and also sought to recover the amount due it, "together with all expenses and costs incurred herein, including a reasonable attorney's fee."

On July 11, 1962, plaintiffs in the second suit also obtained a default judgment against both Hyde and U. S. F. & G., and on writs of inquiry, the plaintiffs were allowed 15% attorney's fees by default judgment as follows: Highway Materials Company $20.02; Knowles Materials Company $11,503.86.

Defendants also filed a motion in the second cause of action, requesting the court to set aside this judgment insofar as it applies to the attorney's fee. The motions filed in the first and second cases were not verified by oath. Process was duly had in both cases.

An order was entered by the trial judge during the July 1962 Term, taking these motions under advisement "for disposition in term time or in vacation." On August 6, 1962, defendants filed motions for a new trial upon the issue of attorney's fees in both suits upon the ground that "the addition of said claims or said sums as attorney's fees is unreasonable and oppressive and against the great weight of evidence." These motions for a new trial were also taken under advisement by special order, dated August 6, 1962, for "disposition either in term time or in vacation." No action was taken by the court during vacation, after the regular July Term and before the next regular September Term of the court. During the 1962 September Term of court, the parties appeared and introduced testimony. On the hearing, the court consolidated the cases and testimony was taken on both motions in both cases, as one suit, at the same time. No order was entered sustaining or overruling the motions to set aside the judgments or the motions requesting a new trial during that term of court.

It is said that the court entered an order attempting to carry into vacation "all appeals and pending motions" for "hearing and decision in vacation", but no such order appears in the record in this case.

During the interval after the September Term of court and before the regular 1962 November Term of court, the circuit judge rendered an opinion styled "Judgment", dated October 18, 1962. This judgment attempted to reform the default judgments entered at the July Term of court, and to reduce the attorney's fees allowed from 15% to 10%.

Thereafter, on November 1, 1962, a formal, final judgment reducing the attorney's fees from 15% to 10% of the amount collected was entered in favor of Knowles Materials Company for attorney's fees in the sum of $7,521.46. The following day, (November 2, 1962), a formal, final judgment was entered in favor of Highway Materials Company in the sum of $5,565.36. And on November 5, 1962, a formal, final judgment was entered in favor of the Dan Bottrell & Company in the sum of $1,508.76 for attorney's fees.

The 1962 November Term of court began on the first Monday, the 5th day.

Defendants have appealed and complain of the orders of the court allowing the following attorney's fees: In the first case; Highway Materials Company $5,565.36; Dan Bottrell & Company $1,508.71; and in the second case, Knowles Materials Company in the sum of $7,521.46.

Appellants' assign as error that such judgments are not supported by any evidence and are contrary to the overwhelming weight of the evidence.

In the outset, we are confronted with the question as to whether or not this Court has acquired jurisdiction of this cause of action on appeal, and we are not troubled with the argument that this question was presented by cross-appeal by parties who, it is said, have received payment, because this Court has the duty to determine whether or not it has jurisdiction on appeal, and may raise the question on its own motion. American Cotton Oil Company v. La Valle House, 148 Miss. 259, 114 So. 321; Talbot & Higgins Lbr. Company v. McLeod Lbr. Company, 147 Miss. 186, 113 So. 433; Warner v. Hogin, 148 Miss. 562, 114 So. 347; Liberty Trust Company v. Planters' Bank, 155 Miss. 721, 124 So. 341; Drummond v. State, 184 Miss. 738, 185 So. 207; Hayes v. Abney, 186 Miss. 208, 188 So. 533; Woodson v. Doyle, 196 Miss. 308, 16 So. 2d 852; Kennington-Saenger The-

atres, Inc. v. State, ex rel., Dist. Atty., 196 Miss. 841, 18 So. 2d 483, 153 A. L. R. 883; Roach v. Black Creek Drainage District, 206 Miss. 794, 41 So. 2d 5; Smith v. Smith, 221 Miss. 180, 72 So. 2d 230; Coats v. Coats, 227 Miss. 264, 86 So. 2d 4.

 ██ Testimony in this case shows that the final judgments here complained of by the appellants were rendered by the circuit judge after the September 1962 Term and before the November 1962 Term except the final judgment in favor of Dan Bottrell & Company entered November 5, 1962. The record does not reveal that an order was entered continuing the cases as consolidated for decision in vacation. It is stated in the briefs that an order was entered but such an order is not a part of this record. Moreover, unless an order is entered in a particular case, as provided by §§ 1522-1523, Miss. Code 1942, Rec., the cases not heard at a regular term of court are continued by law to the next regular term. The pertinent part of § 1649, Miss. Code 1942, Rec., is as follows: "* * * all suits and proceedings remaining undecided shall stand continued of course until the next term; * * *".

Section 1522, Miss. Code 1942, Rec., authorizing a circuit judge to "take a case under advisement until the next term", after having caused "the evidence on both sides to be reduced to writing and signed by him. At the next term the judge shall deliver his opinion in writing, and the evidence and opinion shall be a part of the record without a bill of exceptions; and either party prosecuting an appeal may avail himself of all questions arising from the record."

Section 1523, Miss. Code 1942, Rec., provides that "A judge of any circuit court may deliver opinions and render, make and sign judgments in vacation, as in term-time, in cases taken under advisement by him at a term of the court; and by consent of the parties, or of their attorneys of record, he may try cases in vaca-

tion, as in term-time, and make and enter judgments therein in vacation. All judgments and all orders which a judge of any such court may render or make in vacation, shall be signed by him and thereupon be entered and recorded on the minute book of the court in which the case or matter is pending, and shall have the same force and effect as if made, entered and recorded in term-time * * *''.

 █ This Court has held by a long line of cases, that courts and judges, acting in vacation, have only statutory authority to act, and if they act in vacation, without authority, their action is void. Union Motor Car Company v. Cartledge, 133 Miss. 318, 97 So. 801; Union Motor Car Company v. Farmer, 151 Miss. 734, 118 So. 425; Gulf Coast Stevedoring Company v. Gibbs, 124 Miss. 188, 86 So. 582; Arbour v. Yazoo & M. V. R. Company, 96 Miss. 340, 98 Miss. 714, 54 So. 158; Morris v. Trussell, 144 Miss. 343, 109 So. 854; Mississippi State Highway Department v. Haines, 162 Miss. 216, 139 So. 168; Dulaney v. Dulaney, 181 Miss. 36, 178 So. 814; Hester v. Bishop, 193 Miss. 449, 10 So. 2d 350; Natis v. Jackson, 205 Miss. 490, 38 So. 2d 925; Callicott v. Horn, 137 Miss. 693, 102 So. 850.

 █ It is apparent from the foregoing authorities that heretofore a judgment rendered in the circuit court during vacation, without complying with the terms of the statutory law, was unauthorized and void.

The Legislature amended § 1519, Miss. Code 1942, by the Laws of 1962, Chap. 297, so as to add to this section the following paragraph: ''(b) On motion of either party and written notice for ten (10) days to the attorney of record for the opposing party or parties all demurrers and motions may be determined in vacation, in the discretion of the court, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.

"When notice is given by mail two (2) days shall be added to the prescribed period." This section was made effective July 1, 1962.

■■ It is apparrent therefore, that at the time the circuit judge entered the orders in vacation on November 1 and November 2, 1962, the trial court, at its discretion, had authority to determine in vacation all demurrers and motions. This amendment to '§ 1519, Miss. Code 1942, Rec., permits the court to determine and settle the pleadings by hearing and determining demurrers and motions, but it does not give the court authority to hear and try cases in vacation. ■■ The record in this case does not reveal that any notice was given to the attorneys with reference to the hearing in vacation, but the judgments entered show that "all persons having appeared by counsel in the court" and since notice may be waived by the parties, we are of the opinion that the notice required by statute was waived, because of their appearance, as shown by the judgment entered at their request.

■■ The order setting aside the default judgments and the orders granting new trials were authorized by the new amendment to '§ 1519, Miss. Code 1942, Rec. Since this amendment does not authorize the circuit court to try cases and render final judgments in vacation, we are of the opinion, and so hold, that the orders entered by the trial judge in vacation served to sustain the motion to set aside the default judgment and grant new trials, but that the case was then continued for final hearing to the next term of the court.

The order entered in favor of Dan Bottrell & Company allowing attorney's fees in the sum of $1,508.71 is in a different category since this order was entered at the regular November Term of the circuit court, and will be dealt with later.

The cross-appellants charged that the motions to set aside the judgments and the motions requesting a new

trial were fatally defective because they did not set out a good cause under oath, as is alleged to be required by `§ 1547, Miss. Code 1942, Rec. The part of this section pertinent to the issue in this case is in the following language: "* * * in all actions where the sum does not so appear, and in all actions sounding in damages, if the defendant do not plead, interlocutory judgments may be taken, on which writs of inquiry shall be awarded, which may be executed at the same term either by the jurors attending court or by the judge, at the option of the plaintiff. And after a writ of inquiry shall be executed, and judgment rendered thereon by the court, the same shall not be set aside unless good cause be shown therefor on oath; and in such case the defendant shall plead immediately, and the plaintiff shall not thereby be delayed of his trial."

■■ ■ We are of the opinion that appellants alleged a "good cause" in their motions above referred to, and that since the foregoing statute does not require the "oath" to be in writing, appellants could have attached an affidavit to the motions to set aside the judgments, or they could have introduced sworn evidence at the hearing to sustain the "good cause" alleged. Appellants offered their attorney as a witness "on oath" to establish the grounds alleged. We hold that this procedure is a sufficient "oath" to meet the requirement of the statute.

■■ ■ We are of the opinion that the judgment entered in favor of Dan Bottrell & Company on the first day of the regular November Term of the circuit court is a good and valid judgment.

■■ ■ We are also of the opinion that the court should have allowed a reasonable attorney's fee to the claimant, Dan Bottrell & Company, in addition to the actual amount due under the facts in this case.

We are of the further opinion that the sum of $1,508.71 is a reasonable attorney's fee under the circum-

stances here presented. We express no opinion with reference to the attorneys' fees allowed by the trial court in the other claims. Our opinion here with reference to an attorney's fee is based entirely upon the amount allowed in this claim, and should not be construed as a formula for determining fees to be allowed in other claims.

██ ██ In view of the foregoing holding, we are of the opinion that the motions to allow an additional attorneys' fee on appeal to this Court, by all of the claimants, should be disallowed. We are also of the opinion that the motion to strike certain exhibits attached to the brief is now a moot question and should be overruled.

On direct and cross-appeals, the judgment in favor of Dan Bottrell & Company will be affirmed, and the case will be remanded for further proceedings on the claims of Highway Materials Company and Knowles Materials Company in compliance with the foregoing opinion.

Affirmed in part, reversed in part, and remanded.

*McGehee, C. J., and Kyle, Ethridge and Jones, JJ.,* concur.

## ON MOTION OF APPELLEES TO RETAX COSTS

Rodgers, J.:

An appeal was taken in two causes of action which had been tried upon the same record in the Circuit Court of Hinds County, Mississippi. The purpose of the appeal, and the sole assignment of error, was that the lower court erred in allowing a ten percent attorney's fee and $500 suit fee. When the case was examined on appeal, it was discovered that two of the judgments complained of had been entered in vacation at a time when the court was without authority to hear the matter, with the exception of one order, or orders, which had been entered at the next regular term. This Court re-

versed the judgments entered in vacation, and in our order of reversal the Court said: "* * * It is further ordered and adjudged that the appellants, Hyde Construction Company, United States Fidelity & Guaranty Company, and the Travelers Indemnity Company, surety and all appellees and cross-appellants, with the exception of Dan Bottrell & Company, do pay the costs of this appeal to be taxed, for which let proper process issue."

This Court did not pass upon the assignment of errors in this cause since we did not have jurisdiction of the action on appeal. The appeal was therefore dismissed.

Section 1579, Miss. Code 1942, Rec., is as follows: "In all civil actions, the party in whose favor judgment shall be given, and in case of nonsuit, dismission or discontinuance, the defendant shall be entitled to full costs, except when it may be otherwise directed by law; and the law of costs shall not be interpreted as penal."

We are of the opinion and so hold that, since the appeal was dismissed, the party who caused the premature appeal should be required to pay the costs on appeal. See Aetna Life Ins. Company v. Thomas, 166 Miss. 53, 144 So. 50, 146 So. 134.

The appellants argue, however, that the motion to retax the costs is filed too late. They point out that the order of this Court is dated December 20, 1963, and that the appellees took no exception to the order fixing the costs due, although the cost bill was mailed out to the interested parties by the Clerk of the Court. It is also pointed out by the appellants that the claim of Highway Materials Company and Knowles Materials Company were reversed, but that a judgment in favor of Dan Bottrell & Company was sustained. It is argued that since there were three parties to the cause of action, the appellants were not, or should not be, required to pay more than one-third of the costs, or that part of the costs wherein the case was affirmed.

The appellees suggest, in reply to the appellants' argument, that Rule 19 of the Rules of the Supreme Court is applicable in this cause because the suggestion of error filed by the litigants was overruled on January 20, 1964, and the motion to retax costs was filed on March 13, 1964, within sixty days after the date of the judgment of this Court. Rule 19 is in the following language: "Motion to Retax Costs — Statutory Penalty. All motions to retax costs or for the awarding or disallowance of 5% damages on appeal or to correct any judgment shall be filed within sixty days from the entry of the final judgment in the case. Provided, however, that when such allowance or disallowance of costs or other matter affecting the judgment has been incorporated in the opinion, the rule applicable to the filing of suggestions of error shall apply."

The rule does not require that the motion to retax costs be filed within the time allowed for the filing of a suggestion of error, except when the allowance or disallowance of costs has been incorporated within the opinion.

We are therefore of the opinion, and so hold, that the motion was timely filed and that the appellants should have been taxed with the costs. The motion is sustained. The judgment of this Court in the above-styled action, recorded in Minute Book BN at page 86 will be corrected by the Clerk so as to require the appellants to pay all costs on appeal.

So ordered.

All Justices concur.