186 So.2d 748 (1966)
Dovie Mae HODGE, Complainant-Appellant,
v.
Walton Q. HODGE, Defendant-Appellee.
No. 43977.
Supreme Court of Mississippi.
May 16, 1966.
*749 Walker, Dillard & Sullivan, Laurel, for appellant.
Gartin, Hester & Pickering, Laurel, for appellee.
PATTERSON, Justice:
This is an appeal from the Chancery Court of Jones County, wherein the complainant, Dovie Mae Hodge, sought a divorce from her husband, the custody of their three children, support for herself and children, the use and occupancy of the family home, certain personal property, and attorney's fees. The defendant denied the allegations of habitual cruel and inhuman treatment alleged against him in the bill of complaint for a divorce, denied that the complainant was entitled to any relief whatsoever, and filed a cross bill for a divorce and custody of the children, charging the complainant with adultery.
After hearing, the cause was taken under advisement during the February 1964 term for a final decree to be had at the October 1964 term of the court, and the cause was continued for all intervening terms. The cause was continued at the later term and a final decree entered during the February 1965 term.
The relief sought by the complainant was denied and her bill of complaint was dismissed, as was the cross bill of the husband and defendant. However, the custody of the children, Barbara Ann Hodge, born in 1952, Walton Allen Hodge, born in 1955, and Larry Dale Hodge, born in 1961, was awarded to their father subject to the mother's having their custody and control each week from nine o'clock a.m. on Saturday until four o'clock p.m. on Sunday, with the provision that the complainant take the children to church each Sunday. No award of attorney's fees was made.
From this decree the complainant appeals, assigning as error the following:
(1) The action of the court in taking the cause under advisement for four terms;
(2) That the decree is contrary to the law and the weight of the evidence;
(3) The refusal of the court to permit the complainant to testify to acts which occurred subsequent to the separation;
*750 (4) The failure of the court to sustain the demurrer and special demurrer to the cross bill;
(5) The failure of the court in not allowing an attorney's fee;
(6) The court's failure to apply the "tender age" rule by awarding the custody of the children to their father; and
(7) The court's order directing appellant to take the children to church each Sunday.
The defendant and cross-appellant assigns as error the failure of the court to grant a divorce to him, and the granting of the custody of the children to their mother each week from nine o'clock a.m. on Saturday to four o'clock p.m. on Sunday.
We are of the opinion the court did not err in taking the cause under advisement from one term to a subsequent term and that the cases cited by the appellant in this regard, Natis v. Jackson, 205 Miss. 490, 38 So.2d 925 (1949) and Union Motor Car Co. v. Cartledge, Sheriff, 133 Miss. 318, 97 So. 801 (1923), are not in point, as the legal questions there presented were the entries of final decrees in vacation as contrasted to a decree, as here, during the regular term. Though the questioned decree is unorthodox in that the cause was taken under advisement for a decree to be entered at a specific term in the future, there being two intervening terms, we are of the opinion this was not of itself erroneous and certainly was not reversible error. The chancellor has within his discretion the authority to take a cause under advisement for consideration to the end that an appropriate decree might be entered. Griffith, Mississippi Chancery Practice § 594 at 628, 629 (2d ed. 1950). We cannot say that there was an abuse of this discretion on the part of the trial judge in taking this cause under advisement for the period stated. However, prolonged periods of advisement by a judge should be avoided, and particularly so when the custody of children of tender age is an issue before the court.
We have considered the entirety of the record and after doing so, are of the opinion that the appellant's assignment of error, that the decree is contrary to the law and overwhelming weight of the evidence, is not well taken as the evidence strongly indicates the complainant was not entitled to a divorce under the facts or the law.
The cross bill, though not as articulate as it might have been, is not demurrable as it states a cause of action on the part of the husband against the wife on the grounds of adultery. It alleges the adulterous disposition of the cross-defendant, designates her paramour, the continuing illicit relationship between them, the time thereof, and the occasion and opportunity for adulterous acts. Bunkley & Morse's Amis, Divorce and Separation in Mississippi § 3.09(4) at 82 (1957).
The award of the custody of the children for the times stated is assigned as error. That which will promote the best interest of the children is the criterion by which an award of custody should be made and the problem of what is to the best interest of a child must be solved by a consideration of the relative fitness and ability of each parent to discharge the duties of nurture, maintenance, education, and training. Bunkley & Morse's Amis, Divorce and Separation in Mississippi § 8.01 at 213 (1957) and Cassell v. Cassell, 211 Miss. 841, 52 So.2d 918 (1951); Mahaffey v. Mahaffey, 176 Miss. 733, 170 So. 289 (1936); Hulett v. Hulett, 152 Miss. 476, 119 So. 581 (1928); and Duncan v. Duncan, 119 Miss. 271, 80 So. 697 (1919).
Having considered the record with this rule in mind, we cannot state that the best interest of the children, which includes a provision for their spiritual training, is not best served by the award as made. The award of custody is not steadfast, as it is subject to revision and modification by the court upon change of circumstances and conditions. We are of the opinion, *751 therefore, that the assignment of error in regard to custody of the children is not well taken.
The point raised as to the court's refusal to allow the complainant to testify to acts which occurred subsequent to the separation is not well taken, as this evidence was subsequently introduced, so that if there were error, it was corrected by this subsequent introduction. For this reason we are of the opinion the point is not well taken.
The record amply establishes the guilt of the wife as to the charge of adultery. We do not relate the details of the evidence. We do state that her constant association with a man other than her husband, the acceptance of valuable gifts from him, and her statement that she intended to marry this man if she could obtain a divorce from her husband and he from his wife, were sufficient when considered with the other evidence, to sustain the charge of adultery, and the court should have awarded the husband a divorce therefor. The cross-appellant's assignment of error in this regard is well taken and he is hereby awarded a divorce.
The evidence reflects that the complainant was gainfully employed at the time of the suit and that she paid her attorney's fees through her own resources. We, therefore, are of the opinion that the trial court committed no error in refusing an award for attorney's fees. We likewise deny attorney's fees on this appeal, as the evidence indicates the appellant is as well able to pay the same as is the defendant.
The cause is affirmed on direct appeal and reversed and rendered in part on cross appeal.
Affirmed on direct appeal; reversed and rendered in part on cross appeal.
ETHRIDGE, C.J., and RODGERS, SMITH, and ROBERTSON, JJ., concur.