ON MOTION
INZER, Justice.
This cause is before the Court on motion of appellee to dismiss this appeal for the reason that the appeal was not perfected within the time allowed by Section 11-51-5, Mississippi Code 1972 Annotated (Supp. 1974).
The record reflects that this suit concerns the alleged misuse of public funds. It was tried on September 24, 1974, being a day of the regular September 1974 term of the Circuit Court of Jefferson County. The trial resulted in a jury verdict in favor of appellee, plaintiff below. A final judgment was entered, on the same date. On September 26, 1974, appellants filed a motion for a new trial, apparently this motion was mailed to the clerk by counsel for appellants and on the following day, September 27, 1974, prior to adjournment of the September term of the court, the court considered the motion and entered an order overruling it. The order reads as follows:
This cause came on for hearing on motion for new trial or in the Alternative to Vacate Judgment and enter judgment for Defendants, and the Court having duly considered each and every allegation of said motion, is of the opinion that the relief sought in said motion should be and the same is hereby overruled and denied.
On October 8, 1974, after the September term of the court had adjourned, counsel for appellants filed. an amendment to the motion for a new trial. On October 11, 1974, counsel for appellants directed a letter to the circuit judge wherein he expressed surprise that the court had overruled his motion for a new trial. The letter then stated:
I am sure that this order was entered through some misunderstanding as to whether or not we desired a hearing on the motion. I am, therefore, enclosing an order for your approval vacating your previous order denying my Motion for New Trial.
In my previous letter accompanying the materials submitted on October 4, I requested that you set a date for final submission of my Motion for New Trial or Alternative Relief and that this motion be submitted, on that date, on the papers, without oral argument. I am awaiting a communication from you establishing such date. In the meantime, in order to keep the record straight, we request that you enter the enclosed order vacating the September 27 order rendered without notice or hearing.
This letter indicates that a copy was directed to the circuit clerk and to the appel-lee and his counsel.
*416 On October 16, 1974, the court entered the following order:
This cause came on for hearing on defendants’ Motion to Vacate Order and it appearing to the court that its order of September 27, 1974, was inadvertently entered without notice to movants and before they were afforded a hearing and movants having desired a hearing and having submitted an amendment to their motion and memorandum in support thereof, it is therefore hereby
ORDERED that this court’s order dated September 27, 1974, overruling defendants’ Motion for New Trial or Alternative Relief is hereby vacated and rendered null and void.
Although the order recites that it was heard on defendants’ motion, no motion appears in the record and apparently the court considered the foregoing letter as a motion. The record does not reflect whether appellee or his counsel was present or that they were notified that the court was going to hear the matter. In any event, after the foregoing order was entered, counsel submitted memorandum briefs and on December 2, 1974, the circuit judge entered an order overruling the motion for a new trial. Thereafter on December 23, 1974, appellants filed an appeal bond, which was approved by the clerk of the court.
Appellee contends that when the court adjourned after having entered a final judgment and having overruled appellants’ motion for a new trial, the court no longer had jurisdiction of this cause and the order entered in vacation vacating the order overruling the motion for a new trial was a nullity. Appellee further contends that the amended motion for a new trial filed after the September term was adjourned came too late and the court had no jurisdiction to hear this motion. Consequently, the appellee urges that neither the order vacating the order overruling the motion for a new trial, nor the amended motion for a new trial, tolled the running of the statute relative to the time in which to perfect the appeal. Since the appeal bond was not filed until 80 days after the court adjourned, appellee contends this appeal must be dismissed.
In response to the motion to dismiss their appeal, appellants contend that by virtue of the provisions of Section 11 — 7— 121, Mississippi Code 1972 Annotated, the trial court had the power to hear and determine in vacation their motion to vacate the order overruling the motion for a new trial without the necessity of an order entered in term time taking the cause out for a hearing in vacation. Appellants cite and rely upon Hyde Construction Co., Inc. v. Highway Materials Co., 248 Miss. 564, 159 So.2d 170 (1963). Appellants contend that the order vacating the order overruling the motion for a new trial tolled the time to perfect the appeal until the motion for a new trial was overruled and that their appeal was timely perfected.
These contentions bring into focus the question of whether the order vacating the order overruling the motion for a new trial was a valid order. We hold that when the final judgment was entered and the motion for new trial was overruled and the court adjourned, the court no longer had jurisdiction of the subject matter of this cause. It is a general rule that when a final judgment is entered during a regular term and the court adjourns, the trial court no longer has jurisdiction over the subject matter of that case. Where, as here, a final judgment was entered and a motion for new trial was overruled and the court adjourned, the court rendering the judgment was without power to hear and determine a motion for a new trial filed after that time or to vacate an order overruling the motion for a new trial rendered in term time. After the court adjourned any error in the procedure in arriving at the final judgment could only be corrected by an appeal. The fact that the motion for a new trial was overruled without the *417 appellants’ having an opportunity to be heard, did not invalidate the order. A motion is at issue when it is filed, and if appellants desired to be heard on the motion for a new trial it was their duty to appear and make such desire known to the court. Dyer v. State, 300 So.2d 788 (Miss.1974); National Casualty Co. v. Calhoun, 219 Miss. 9, 67 So.2d 908 (1953).
We find no merit in appellants contention that the provisions of Section 11-7-121 authorized the court to hear and determine their motion to vacate the order overruling the motion for a new trial. The pertinent part of this section reads as follows:
(2) On motion of either party and written notice for ten (10) days to the attorney of record for the opposing party or parties all demurrers and motions may be determined in vacation, in the discretion of the court, and the hearing of same shall be held in the county where the suit is pending unless the judge in his order shall otherwise direct.
■ When notice is given by mail, two (2) days shall be added to the prescribed period.
It ¡is apparent this section applies to pending cases and not to cases that have been finally disposed of as was this case. The purpose of this amendment was to expedite preliminary matters in pending cases so that a trial on the merits could be reached at an earlier date. It does not and could not apply to a case that had been finally determined, as was this case.
In Hyde Construction Co., supra, the motion for a new trial was filed prior to adjournment and the court adjourned without ruling on the motion. No order was entered taking the cause out for a hearing in vacation. Thereafter the court heard the motion and granted a new trial. We held that this action was authorized under the foregoing section. However, there is a marked distinction between that case and the case before us. Until the motion for a new trial is disposed of by the court, the case is still pending. Here the motion was disposed of during the term and there was nothing pending when the court adjourned. The judgment then became final and appellants’ remedy was by appeal.
We hold that neither the order vacating the order overruling the motion for a new trial, nor the amended motion filed after the court adjourned, tolled the running of the statute of limitations as to the time to perfect the appeal. Since this appeal was not perfected within forty-five (45) days from the adjournment of the September 1974 term of the court, this appeal must be dismissed.
Appeal dismissed.
All Justices concur.